UNITED STATES of America,
Plaintiff-Appellee,

v.

George HARPER, Defendant-Appellant.

No. 79–5056.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 9, 1979.

Decided Nov. 27, 1979.

Edward A. Olczak, (Court appointed—CJA), South Bend, Ind., for defendant-appellant.

James S. Brady, U. S. Atty., Agnes Kempker-Cloyd, Asst. U. S. Atty., Grand Rapids, Mich., for plaintiff-appellee.

Before EDWARDS, Chief Judge, MERRITT, Circuit Judge; PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Appellant Harper appeals his conviction for transporting in interstate commerce two stolen truck engines and four stolen truck transmissions valued at $5,000 or more, in violation of 18 U.S.C. § 2314. We conclude that the District Court erroneously refused to require the government prosecutors to disclose the name of an unidentified informant. This ruling in turn prevented defendant from attempting to prove that the government's evidence was derived from an illegal break-in. If true, such wrongful police conduct may require suppression of the stolen merchandise and invalidate the arrest.

We remand the case to the District Court for further proceedings directed to this issue.

I.

On the night of September 13, 1977, an unidentified informant told law enforcement officers of Berrien County, Michigan,

that defendant Harper and an associate were attempting to sell stolen truck engines and transmissions from the back of a U–Haul truck parked in the lot of Falo Parts Yard in Buchanan, Michigan. At about 1:00 A.M. the next morning the officers initiated surveillance of the U–Haul truck. One of the officers, detective Leonard, testified at the suppression hearing that when the officers arrived at the scene, the lock on the truck containing the stolen parts was broken or sawed into and the unidentified informant gave them the serial numbers from the stolen engines. A strong inference arises from the record that the unidentified informant broke into the truck and obtained this information. We do not know what prompted him to do so.

Prior to trial defendant filed a motion to suppress the stolen merchandise, arguing that it was the fruit of the prior truck break-in, a search claimed to be illegal under the Fourth Amendment. He also argued that the police did not have probable cause to believe the goods were stolen, and that the arrest was therefore without probable cause.

The District Judge conducted a hearing on the suppression motion. Several times during the hearing, defense counsel sought the identity of the informant.

The District Judge ruled under *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), that defendant had not made a proper showing that would warrant revealing the informant's identity. In addition, he ruled that the search was conducted by private individuals and that no useful information was obtained. Third, he held that the officers had probable cause to believe the goods were stolen from the inadequate selling price that defendant tendered. In conclusion, he ruled that the police had probable cause for arrest.

At trial, defendant renewed his motion to suppress; the Court denied the second motion without opinion.

On November 10, 1978, the jury returned a verdict of guilty.

## II.

■ Although we are unable on the basis of this record to rule directly on the suppression issue, we believe that defendant made a sufficient showing under *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963) and *Roviaro* to warrant disclosure of the informant's identity. The District Court erred when it upheld the prosecution's objection to disclosure, and for this reason we must remand for further proceedings.

First, testimony of the informant was essential to proving whether the break-in was instigated by police and therefore violative of the Fourth Amendment. The informant was present during the search. He had testimony that was relevant and—in all probability—was the only witness defendant could have called to determine the legal nature of the break-in. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege [to withhold disclosure] must give way." *Roviaro v. United States*, 353 U.S. 53, 60–61, 77 S.Ct. 623, 628, 1 L.Ed.2d 639, 645 (1957). We believe that evidence indicative of possible police misconduct is of the most serious nature and warrants the trial court's closest scrutiny.

But more importantly, we disagree that the police could not have obtained any useful information from the search—whether by police or a private individual. Such information served to prove the existence of the goods. It confirmed the basis for the informant's tip, and thereby encouraged police to continue surveillance and to attempt a purchase. Consequently, the District Judge's inference or conclusion that no useful information was obtained by the alleged search is open to question at this point.

The prosecution argues that a separate undercover purchase for $5,000 established probable cause by itself. At the buy in Dowagiac, Michigan, Harper voluntarily displayed to the detective the contents of the U–Haul truck—two new engines and four new or rebuilt transmissions—and only

then did police arrest the defendant. But, if there indeed had been a break-in, information gained through the undercover purchase may be tainted as the fruit of an illegal search. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The record gives no indication that there was any impetus to arrange the undercover purchase other than an unconfirmed informant's tip and information derived from the break-in. We cannot assume that the police would have *independently* arranged for the purchase without confirmation of the informant's tip; and before the purchase itself, only the search served to confirm this tip. *Cf. Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). In turn, without information gained through the undercover purchase, i. e., the allegedly illegal fruit, the police would not have had probable cause to arrest the defendant.[1]

At this juncture it becomes apparent that the critical issue is whether there was a search of the truck in violation of the Fourth Amendment. Although the District Court held there was not, it erroneously denied defendant the opportunity of cross-examining the informant by sustaining the prosecution's objections to revealing the informant's identity.

Because of the foregoing discussion we believe that Harper's other contentions, regarding the District Judge's rejection of his proffered jury instruction and the sufficiency of the evidence, are not ripe for decision. We therefore decline at this time to rule on them.

■ For the above stated reasons the case is remanded to the District Court for an evidentiary hearing at which the defendant should be permitted to explore the legality of the search of the truck, including an opportunity to examine the informant. The District Court should then determine whether the alleged search was violative of the Fourth Amendment and, if so, whether the violation tainted any evidence in the case requiring suppression.

1. We do reject defendant's contention, however, that probable cause that the goods were

stolen cannot be inferred from the voluntary inspection allowed police before the arrest.