**Maximus AGUWA, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 99–1937.

United States Court of Appeals, Sixth Circuit.

Sept. 13, 2001.

---

Before MARTIN, Chief Circuit Judge, NELSON, Circuit Judge, and RICE,* District Judge.

## OPINION

RICE, District Judge.

Maximus Aguwa appeals from the district court's denial of his motion to vacate his conviction, pursuant to 28 U.S.C. § 2255, on the basis of newly discovered evidence. For the reasons set forth below, we affirm the judgment of the district court.

### I. Factual Background

Drug Enforcement Administration ("DEA") agents met with a confidential informant on October 11, 1994, to make a controlled purchase of heroin from a suspect named Anthony Brown. While waiting for Brown, who never appeared, the female informant recognized another individual, an unidentified male who has been referred to as "Tiger" because he wore Detroit Tigers baseball apparel. Tiger motioned for the informant to join him at a pay phone and then expressed his willingness to help her secure the heroin that she sought. After Tiger made several telephone calls, Aguwa arrived driving a BMW. The informant reached into the car through the passenger's side window and took a small package of heroin from Aguwa in exchange for $5,500.

Aguwa was later identified on the basis of the BMW's registration and photo-

---

* The Honorable Walter H. Rice, Chief United States District Judge for the Southern District of Ohio, sitting by designation.

graphs obtained from the Immigration and Naturalization Service. After the issuance of a criminal complaint, he voluntarily surrendered to the authorities. Following Aguwa's indictment on one count of distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1), the case proceeded to a jury trial. At the outset, the United States informed the district court that, despite its diligent efforts, the confidential informant could not be located and, therefore, would not be called as a witness. As a result, the district court precluded Aguwa from introducing evidence to impeach the informant.

At trial, the United States called DEA agents Michael Brown, Steven Mitchell and Steven Bowler to testify. The three agents had observed the drug transaction, and they each identified Aguwa as the BMW driver who supplied heroin to the informant. In opposition to this testimony, Aguwa presented the testimony of his wife, Sonia, who told the jury that he was with her at the time in question and that the BMW was not "available to him" that day. The jury subsequently convicted Aguwa, and the district court sentenced him to 21 months in prison to be followed by three years of supervised release. This court affirmed Aguwa's conviction and sentence on direct appeal. *See United States v. Aguwa*, 123 F.3d 418 (6th Cir.1997).

Thereafter, on August 26, 1998, Aguwa filed a motion to vacate his conviction, pursuant to 28 U.S.C. § 2255, on the basis of newly discovered evidence. In support of his motion, Aguwa provided the district court with, *inter alia*, an affidavit from the confidential informant, whom his attorney had located in a county jail. After reviewing a photograph of Aguwa, the informant averred that she was "certain that the man in the photograph which I was shown by [Aguwa's attorney] is not the man who was driving the BMW at the time of the heroin transaction on October 11, 1994." JA at 448.

The district court held a two-day evidentiary hearing on Aguwa's motion in January, 1999. The court then denied the motion on August 2, 1999, finding (1) that the United States did not mislead the court or defense counsel regarding the informant's availability to testify at trial, and (2) that the informant's testimony at the evidentiary hearing was not credible. *Id.* at 107–27. A separate judgment entry was filed on August 5, 1999. *Id.* at 128. This court granted a certificate of appealability on March 29, 2000. *Id.* at 136–37.

## II. Issue for Review

The sole issue for which this court granted Aguwa a certificate of appealability is "[w]hether newly discovered evidence relating to the confidential informant and the government's alleged suppression of that evidence warrant a new trial." *Id.* at 137.

## III. Analysis

On appeal, Aguwa contends that the United States misled his attorney and the district court regarding its diligence in attempting to secure the confidential informant's appearance for trial. In particular, Aguwa asserts that the government made no effort to assure the informant's appearance, despite the fact that she had been in Detroit police custody until approximately one week before his trial. According to Aguwa, the government's failure to serve the informant with a subpoena or to place a detainer on her deprived him of her testimony, which was crucial to his defense and which likely would have resulted in an acquittal. As a result, Aguwa insists that he is entitled to a new trial.

On a motion to vacate brought under 28 U.S.C. § 2255, this court reviews a district court's legal conclusions de novo

and its factual findings for clear error. *Napier v. United States,* 159 F.3d 956, 959 (6th Cir.1998). In order to obtain a new trial on the basis of newly discovered evidence, a defendant must establish that "the evidence (1) was discovered only after trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal if the case were retried." *United States v. Garland,* 991 F.2d 328, 335 (6th Cir.1993). In the present case, the district court held that Aguwa satisfied the first three requirements but failed to satisfy the fourth. JA at 124. In reaching this conclusion, the district court found that the informant's testimony during the evidentiary hearing was not credible. In relevant part, the district court reasoned:

> Aguwa submits that the confidential informant corroborated his defense by pointing out that he was not the driver of the BMW during the drug transaction. During the evidentiary hearing, the Court heard testimony from the confidential informant whose testimony was not persuasive and was, at best, confusing and contradictory. In an affidavit, which was filed with the Court on September 9, 1998, the confidential informant stated that she "was certain that the man in the photograph which I was shown by [Aguwa's attorney] is not the man who was driving the BMW at the time of the heroin transaction on October 11, 1994." (C.I.'s Aff. ¶ 4.) However, when the confidential informant was asked during the evidentiary hearing whether Aguwa was the man who had operated the BMW at the time of the "heroin transaction," she responded with the following statement: "I can't say yes, because I don't know. Because he looks like an African man. I don't know. I don't remember seeing him." (1/8/99 Evidentiary Hr'g at 106) Furthermore,

when the confidential informant, upon being shown a picture of Aguwa, was asked if he was the driver of the BMW, she replied with the following statement: "Once again, sir, I can't say. He don't look familiar to me. I didn't have no business with the man--with the driver of the BMW, so I don't remember what he looked like. He didn't look--you know what I'm saying? He don't--I don't ever remember seeing him in my life." (1/8/99 Evidentiary Hr'g at 106.)

> ... [T]he Court finds that Aguwa has not satisfied the fourth *Garland* factor (to wit, that the newly discovered evidence would produce an acquittal if the case was retried). As discussed earlier, the Court did not find the confidential informant's testimony during the evidentiary hearing to have been persuasive. Her testimony regarding the identity of the driver of the BMW was inconsistent. Although the affidavit of the confidential informant stated that Aguwa was not the driver, her testimony during the evidentiary hearing indicated an uncertainty with that assertion. (1/8/99 Evidentiary Hr'g at 106)

Furthermore, there are some questions regarding the credibility of the confidential informant[,] who expressed an unwillingness to testify against Aguwa during trial because she did not want to make an incriminating identification. (1/8/99 Evidentiary Hr'g at 110.) Moreover, she was extremely upset with the DEA because they inserted a document, which allegedly portrayed her in an unfavorable light, in an Oakland County (Michigan) Circuit Court file.

Since three DEA agents positively identified Aguwa as the driver, the Court concludes that the testimony of the confidential informant would not have re-

sulted in an acquittal if this case was retried.

JA at 115–16, 124–25.

█ Upon review, we agree that Aguwa satisfied the first three requirements for obtaining a new trial based on newly discovered evidence. Aguwa's attorney obtained the confidential informant's affidavit after his trial, and nothing in the record suggests that the affidavit could have been obtained earlier with due diligence. In addition, the informant's testimony was material in light of Aguwa's defense of mistaken identity. We find no error, however, in the district court's determination that Aguwa failed to satisfy the fourth requirement for obtaining a new trial. To the contrary, the record amply supports both the district court's factual finding that the confidential informant's testimony was not credible and its legal conclusion that her testimony was unlikely to produce an acquittal on retrial. As noted by the district court, the informant gave inconsistent, equivocal testimony when asked whether Aguwa was the driver of the BMW. JA at 406–08. The district court also reasonably found that the informant's testimony lacked credibility because she was "upset" with the DEA and wanted to "get back" at the agency. _Id._ at 317, 421–22, 432. According to DEA agents Bowler and Mitchell, the confidential informant spoke with them prior to the evidentiary hearing and implied that she would testify that Aguwa was not the driver of the BMW, despite her uncertainty about his identity. _Id._ at 317–19, 432–34. In sum, the district court quite properly concluded that, in light of the informant's equivocal testimony, her admitted animosity toward the DEA and the positive identification of Aguwa by DEA agents, her testimony was unlikely to result in an acquittal if the case were retried.

Finally, we find no merit in Aguwa's argument that the United States misled his attorney and the district court regarding its efforts to secure the informant's appearance for trial. The district court rejected this assertion when denying Aguwa's § 2255 motion, reasoning:

> First, the Government did not mislead the Court or the defense regarding the availability of the confidential informant. The Court is satisfied that the Government made reasonable efforts to locate the confidential informant prior to trial. [DEA agent Sandra] Shankin asked the DPD for its assistance in locating the informant. Even though the DPD apprehended the confidential informant on August 11, 1995, she was able to escape its custody five days later. Shankin's renewed efforts to locate the informant were not successful. Hence, the Court does not have any reason to believe that the Government committed any wrongdoings.
>
> Second, Aguwa has not satisfied the _Garland_ test. In particular, he has not shown that this "new" evidence would produce a different result if the case was retried. As the Court already ruled, the confidential informant's testimony during the evidentiary hearing did not advance Aguwa's argument of his innocence. Therefore, even if Aguwa's allegations are true, he is not entitled to a new trial.

_Id._ at 125–26.

On appeal, Aguwa insists that the United States should have informed the district court and his attorney that it made no effort to secure the informant's appearance at trial by issuing a subpoena or lodging a detainer against her, despite its awareness of her location shortly before trial. Relying on _United States v. Sharp_, 778 F.2d 1182 (6th Cir.1985), _cert. denied_, 475 U.S. 1030, 106 S.Ct. 1234, 89 L.Ed.2d 342

(1986), and *United States v. Harper,* 609 F.2d 1198 (6th Cir.1979), he also argues that the government had an obligation to disclose the informant's identity and to make reasonable efforts to produce her for trial.

 In both of the foregoing cases, however, the defendant was seeking the identity or the production of the informant. In the present case, Aguwa opposed the government's motion to exclude character evidence and prior convictions of the informant, but he never sought to discover her identity. Furthermore, we cannot agree with his contention that the United States bore an obligation to secure the informant's appearance at trial. As the district court properly noted, "[t]he incriminating evidence against Aguwa was produced by the DEA agents, and not by the confidential informant, through their personal observations." JA at 114; *see also United States v. Aguwa,* 123 F.3d at 421–22 ("[N]one of the informant's statements repeated at trial implicated the defendant in the drug transaction at issue. The incriminating details were conveyed solely by DEA agents pursuant to their own personal observations."). Under such circumstances, the government is not required to produce a cooperating witness. *See, e.g., United States v. Moore,* 954 F.2d 379, 381 (6th Cir.1992) ("If the evidence upon which a defendant is convicted was secured personally by government agents who testified, the government is not required to produce the cooperating individual."). In any event, we agree with the district court's finding that the government's failure to secure the confidential informant's appearance at trial did not prejudice Aguwa, given that her testimony lacked credibility. As a result, Aguwa has not demonstrated his entitlement to a new trial based on newly discovered evidence.

## IV. Conclusion

Based on the reasoning and citation of authority set forth above, the judgment of the United States District Court for the Eastern District of Michigan, Southern Division, is hereby affirmed.