STATE of Maine

v.

**Alan B. CHASE a/k/a Alan B. Grosso.**

Supreme Judicial Court of Maine.

Argued Nov. 21, 1985.

Decided Feb. 26, 1986.

Paul Aranson, Dist. Atty., Laurence Gardner, Asst. Dist. Atty. (orally), Portland, for plaintiff.

Daniel Lilley (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and SCOLNIK, JJ.

WATHEN, Justice.

The State appeals from an order dismissing an indictment charging defendant Alan B. Chase with one count alleging possession of a schedule W drug with intent to distribute, 17–A M.R.S.A. §§ 1101, 1103 (1983) and a second count alleging possession of a schedule Y drug, 17–A M.R.S.A. § 1107 (1983). The dismissal was entered as a result of the State's refusal to disclose the identity of a confidential informant, after having been ordered to do so by the court pursuant to M.R.Evid. 509(c)(2).[1] The State argues on appeal that the presiding justice abused his discretion in ordering disclosure. We find the State's claim to be valid and sustain the appeal.

I.

This case involves a confidential informant who allegedly participated in a controlled buy of cocaine from defendant. The controlled buy led to the police obtaining a search warrant for the defendant's premises. The search produced drugs and drug paraphernalia that resulted in the charges of drug possession against defendant.

The relevant facts may be summarized as follows: Officer Russo of the Portland Police Department stopped the informant for a traffic violation at eight or nine o'clock on the evening of June 5, 1984 in Portland. When Russo approached the vehicle, he observed a hypodermic needle in the informant's shirt pocket. He then searched the informant and found a package of cocaine. The informant told Russo that he had obtained the cocaine from defendant and agreed to purchase more cocaine from defendant in cooperation with the police. The informant was told that if he cooperated, he would not be charged with any crime.

The informant was then taken to the police station and searched. In addition, the police searched the informant's car. They gave the informant money with which to purchase cocaine, and he then drove his vehicle to the defendant's house, followed by Officers Russo and Shaughnessy. Shaughnessy left the police vehicle and positioned himself to observe defendant's residence. Shaughnessy observed the informant enter the defendant's house and leave shortly thereafter. The informant then got in his car, picked up Officer Shaughnessy, and drove to meet Officer Russo. The informant turned over cocaine to the officers and was searched again. Officer Shaughnessy then prepared an affidavit relating to the circumstances of the controlled purchase and also prepared an application for a search warrant. The search warrant was executed in the early morning hours of June 6, 1984 by Officers Russo and Pike.

On July 11, 1984, the Cumberland County grand jury returned the subject indictment. Thereafter, defendant moved to suppress the fruits of the search and seizure conducted pursuant to the search warrant and moved for disclosure of the name of the informant relied upon by the police in procuring the warrant. The court denied the motion for disclosure but reserved defendant's right to renew his motion for disclosure for purposes of trial. Further hearing on the motion to suppress was held and the motion was denied on May 10, 1985.

On July 8, 1985, the defendant moved for disclosure of the informant's identity for purposes of trial. After hearing, the court ordered the State to reveal the informant's identity to the defense at least fifteen days prior to trial. The State's refusal to comply with the court's order ultimately led to

---

1. The State's earlier attempt to appeal the order requiring disclosure was dismissed as prema-ture. *State v. Chase,* 501 A.2d 806 (Me.1985).

the order of dismissal that is the subject of this appeal.[2]

## II.

■ Under the provisions of M.R.Evid. 509(c)(2), the State may be ordered to disclose an informant's identity when it is shown that "there is a reasonable probability that the informer can give relevant testimony." Whether the State should be ordered to disclose an informant's identity is a decision "within the sound judicial discretion" of the court. *State v. Brooks*, 366 A.2d 179, 181 (Me.1976). In exercising discretion, the court must balance the State's interest in protecting the flow of information against the defendant's need for information material to his defense. However, "[b]ecause of the State's interest involved, some showing greater than a bare assertion and supported by more than the mere desire to determine the informant's identity must be made by the defendant." *State v. Chase*, 439 A.2d 526, 531 (Me.1982). The case before us presents nothing more than a bare assertion of need and expression of desire to determine identity. The record reveals that the informant possesses no information relevant to the elements of the crimes charged. As the State accurately observes, defendant is not charged with the sale of cocaine to the informant. Rather, he is charged with possession. Thus, argues the State, possession of drugs and paraphernalia at the time the officers executed the search warrant is the only element it needs to prove. The informant, who was not present at that time, is unable to testify to any relevant fact concerning possession.

On appeal, defendant argues that disclosure of the informant's identity is necessary to protect his sixth amendment right to confront and cross-examine the witnesses against him. Defendant's argument is based on his prior involvement with Officers Russo and Pike in an unrelated charge of drug violation. In *State v. Chase*, 439 A.2d 526 (Me.1982), evidence was suppressed after the State failed to comply with an order to disclose an informant's identity. The disclosure order was based on evidence that Officer Russo's affidavit contained falsehoods. Defendant contends that in light of the prior prosecution, the officers involved in this case are biased and that the informant's identity is necessary to effectively show this bias at trial. In addition, defendant argues that if the informant can discredit the facts related in the affidavit submitted in support of the request for the search warrant, such impeachment could lead a jury to disbelieve the officers' testimony regarding the search of the defendant's house and the seizure of drugs.

Defendant's argument is flawed. First, as the State points out, defendant is able to show any bias on the officers' part without the informant's testimony. Second and more importantly, defendant failed to meet his burden of making a showing to the trial court of some need for disclosure beyond bare assertions of need. As was the case in *State v. Chase*, 439 A.2d 526 (Me.1982), defendant has identified a person he believes to be the informant. Unlike the earlier case, however, the defendant presented no evidence that the informant may have knowledge relevant to the crime charged.

■ When denying disclosure for purposes of the suppression hearing, the presiding justice seems to have assumed that disclosure would be necessary prior to trial.[3] In the total absence of any showing

---

2. Initially the court failed to enter a conditional order as required by M.R.Evid. 509(c)(2). Following dismissal of the State's appeal the following order was entered: "The court orders the State to identify the informant to the Defendant prior to January 10, 1986. In the event that the informant is not so identified, the indictment against Defendant will be dismissed." On January 22, 1986, the dismissal was entered.

3. When ruling on the defendant's motion to disclose the informant's identity for the purpose of suppression, the trial justice stated:

The Court is satisfied that there isn't any question that this matter is to proceed to trial, that at a certain time the State will be in a position where it will have to disclose the so-called informant.

that the informant is able to give testimony relevant to any issue in this case, the order to disclose the identity of the informant was not a proper exercise of discretion.

The entry is:

Order dismissing indictment vacated.

Remanded to the Superior Court with instructions to enter an order denying defendant's motion for disclosure of informant's identity and for further proceedings consistent with the opinion herein.

All concurring.