**STATE of Maine**

v.

**Richard DEVLIN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 4, 1992.

Decided Dec. 15, 1992.

Janet T. Mills, Dist. Atty., Craig E. Turner, Deputy Dist. Atty., Auburn, for State.

Justin W. Leary, Robert A. Laskoff, P.A., Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Defendant Richard Devlin appeals a judgment of the Superior Court (Androscoggin County, *Alexander, J.*) convicting him of aggravated trafficking in a schedule W drug.[1] Defendant contends that the court erred in failing to order disclosure of the identity of the State's confidential informant who possessed relevant evidence about the crime. We agree and vacate the conviction.

The State charged that defendant sold cocaine to an undercover police officer in Lewiston. The police officer and the informant met and conversed with defendant on Birch Street, and the three then went to a nearby apartment where the officer purchased cocaine from another person. Defendant moved to require the State to disclose the identity of the informant alleging that the informant could provide relevant testimony. After examining the police reports *in camera*, the court (*Delahanty, C.J.*) denied the motion on the ground that the informant's testimony would be cumulative of the undercover officer's testimony. Following his conviction, defendant appealed.

■ M.R.Evid. 509 grants the State the privilege of refusing to disclose the identity of a police informant subject to an exception when the informant is able to give relevant testimony.[2] The Rule provides for

---

**1.** The applicable statute reads:

A person is guilty of unlawful trafficking in a scheduled drug if he intentionally or knowingly traffics in what he knows or believes to be any scheduled drug, and which is, in fact, a scheduled drug....

17–A M.R.S.A. § 1103 (1983 & Supp.1991).

**2.** In pertinent part, the rule provides as follows:

If it appears in the case that an informer may be able to give testimony relevant to any issue in a civil or criminal case to which a public entity is a party, and the informed public entity invokes the privilege, the court may give the public entity an opportunity to show *in camera* and on the record facts relevant to determining whether the informer can, in fact, supply that testimony.... If the court finds there is a reasonable probability that the informer can give relevant testimony, the court on motion of a party or on its own motion may enter a conditional order for appropriate relief, to be granted if the public entity elects not to disclose within the time specified the identity of such informer. In a criminal case such relief may include one or

■■■■■■■■■■■■■■

an *in camera* review of the facts to determine if "there is a reasonable probability that the informer can give relevant testimony." The trial court is expected to exercise "sound judicial discretion" and to balance "the State's interest in protecting the flow of information against the defendant's need for information material to his defense." *State v. Chase,* 505 A.2d 791, 793 (Me.1986). We review for abuse of discretion or other error of law. *Id.; State v. Brooks,* 366 A.2d 179 (Me.1976).

■ In the present case, the Superior Court correctly concluded that the confidential informant's testimony was relevant. He was the sole witness present throughout the transaction, other than the accused, who could amplify or contradict the testimony of the State's witness, the undercover officer. On these facts, the court abused its discretion in withholding disclosure. Here the Rule required the court to enter a conditional order and specify appropriate relief in the event that the State elected not to disclose.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

more of the following: granting the defendant additional time or a continuance, relieving the defendant from making disclosures otherwise required of him, prohibiting the prosecuting attorney from introducing specified evidence, and dismissing charges. M.R.Evid. 509(c)(2).