1997 ME 135

**STATE of Maine**

v.

**Omari FAUST.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 10, 1997.

Decided June 24, 1997.

Norman R. Croteau, District Attorney, David Fisher, Asst. Dist. Atty., Auburn, for State.

Emily A. Broadhead, Laskoff & Associates, Lewiston, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

LIPEZ, Justice.

[¶ 1] Omari Faust appeals from the judgment entered in the Superior Court (Androscoggin County, *Bradford, J.*) pursuant to a jury verdict finding him guilty of trafficking in Schedule W drugs (Class B), 17–A M.R.S.A. § 1103 (1983 & Supp.1996). Faust contends that his due process and confrontation clause rights pursuant to the Maine and United States constitutions were violated by the court's denial of the motion *in limine* he filed to exclude evidence after the State refused to reveal the identity of a confidential informant. U.S. Const. amend. XIV, § 1, amend. VI; Me. Const.art. 1, §§ 6, 6–A; see M.R. Evid. 509. We find no error and affirm the judgment.

I.

[¶ 2] In the late evening hours of October 27, 1994, Maine Drug Enforcement Agency (MDEA) Special Agent Mark Cornelio was investigating drug trafficking activity in Apartments 6 and 7 of 73 Howard Street in Lewiston. Cornelio, in plain clothes and an unmarked vehicle, was assisted by a second officer and a confidential informant. Cornelio supplied the confidential informant with $60 in pre-recorded "buy money" in the form of two $20, one $10, and two $5 bills. After searching the informant for drugs and other money, the agents watched him enter the third floor of the building by way of the fire escape. Shortly thereafter the confidential informant emerged from the building, returned to the unmarked MDEA vehicle, and

gave Cornelio three small plastic bags filled with a white, rocky substance.

[¶ 3] The MDEA agents immediately secured a search warrant based on, among other things, the informant's assertion that he purchased cocaine directly from Faust in Apartment 6. At around 1:30 a.m. on October 28 the MDEA agents, along with agents from the Maine State Police Tactical Team, returned to 73 Howard Street with the search warrant for Apartments 6 and 7. After searching Apartment 7, the tactical team searched Apartment 6, where they found Faust, Mark Avery, and Cynthia Fernan. The items seized during the search included (1) 16 small plastic bags containing a white, rocky substance, with a total bag weight of 2.7 grams, found in the toilet; (2) a brown paper bag from behind the toilet containing another piece of white, rocky substance; (3) a holster for a medium-sized firearm, found under the bathtub; (4) $521 found in Faust's front pockets, $45 of which was marked "buy money"; (5) a box of ammunition for a .380 handgun, found in the bedroom; (6) a plastic bag containing smaller, tightly tied bags holding a white, rocky substance, with a total bag weight of 5.2 grams, found in the ceiling suspended over the bannister in the hallway between Apartments 6 and 7. On testing, the substances were established to be cocaine.

[¶ 4] Cornelio's report, provided to the defendant in discovery, describes his search of the common hallway between Apartments 6 and 7 that discovered the bag of cocaine and states that he was

> following up on information provided by [the informant when he] entered the third floor hallway directly across from Apart-

ment 6. The information provided by the [informant] was that during the crack cocaine purchases that the [informant] made with Mr. FAUST, that Mr. FAUST, while standing in the third floor hallway would go over to the third floor landing, climb up on the third floor landing bannister, reach above the ceiling tiles and remove some crack cocaine from there and sell it.

There is no indication in the record that anyone but the informant witnessed this conduct by Faust. Cornelio later testified that Faust denied knowing how the cocaine had been placed in the bathroom and the hallway, but he admitted moving to Apartment 6 two weeks prior to the execution of the search warrant, that he previously had sold cocaine from that apartment (albeit not the prior evening), and that the sales had occurred inside as well as outside the apartment. Cornelio also testified that Faust's explanation of how the $45 in pre-recorded buy money ended up in his pocket-namely, that the night before he had made change for a $50 bill with someone who gave him two $20 bills and one $10 bill-failed to account for the portion of the buy money that was found in his front pocket during the search in the form of a $5 bill.

[¶ 5] In December 1994 Faust was indicted for trafficking in Schedule W drugs (Class B), 17–A M.R.S.A. § 1103, by intentionally or knowingly possessing cocaine with the intent to sell. He was not indicted for the sale of cocaine to the informant which led to the granting of the search warrant. Faust pled not guilty, and in September 1995 he requested that the State reveal the identity of the confidential informant pursuant to Maine Rule of Evidence 509.[1] In response, the

---

1. Maine Rule of Evidence 509 states in pertinent part:

**Identity of Informer**
(a) **Rule of Privilege.** The United States, a state or subdivision thereof, or any foreign country has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law to a law enforcement officer or member of a legislative committee or its staff conducting an investigation.

. . . .
(c) **Exceptions.**

. . . .
(2) *Testimony on a Relevant Issue.* If it appears in the case that an informer may be able to give testimony relevant to any issue in a civil or criminal case to which a public entity is a party, and the informed public entity invokes the privilege, the court may give the public entity an opportunity to show in camera and on the record facts relevant to determining whether the informer can, in fact, supply that testimony . . . . If the court finds there is a reasonable probability that the informer can give relevant testimony, the court on motion of a party or on its own motion may enter a conditional order for appropriate relief. . . . In a

State invoked its limited privilege to refuse to disclose the informant's identity. Faust then filed a motion *in limine,* see M.R.Crim. P. 12(c), requesting the exclusion from evidence of,among other items, the $45 of buy money and the cocaine found in the hallway. At a hearing in chambers on Faust's motion *in limine,* prior to the trial of the case in November 1995, the State confirmed that it would not be disclosing the informant's identity. Without holding an *in camera* hearing to determine whether the confidential informant could supply relevant testimony, see M.R. Evid. 509(c)(2), the court refused to exclude the buy money and the cocaine. Convicted at the jury trial that followed this ruling, Faust now appeals.

## II.

 [¶ 6] We review whether an informant's identity must be disclosed for an "abuse of discretion or other error of law." *State v. Devlin,* 618 A.2d 203, 204 (Me.1992); *State v. Chase,* 505 A.2d 791, 793 (Me.1986) (*Chase II*)(citing *State v. Brooks,* 366 A.2d 179, 181 (Me.1976)). The State may be ordered to disclose an informant's identity when it is shown that "there is a reasonable probability that the informer can give testimony relevant to any issue in a … criminal case," M.R. Evid. 509(c)(2); *see Chase II,* 505 A.2d at 793. Only if the State elects, upon such an order, to continue to withhold the informant's identity may the court prohibit the prosecuting attorney from introducing specified evidence. M.R. Evid. 509(c)(2). In exercising its discretion, the court must balance the State's interest in protecting the flow of information against the defendant's need for information material to a defense. We have held that "some showing greater than a bare assertion and supported by more than the mere desire to determine the informant's identity must be made by the defendant." *Chase II,* 505 A.2d at 793 (quoting *State v. Chase,* 439 A.2d 526, 531 (Me.1982) (*Chase I*)).

criminal case such relief may include one or more of the following: … prohibiting the prosecuting attorney from introducing specified evidence.…

[¶ 7] Although Faust was not charged by the indictment for the transaction with the informant, the evidence of the transaction, the marked buy money, was relevant to the charge of possession of cocaine with the intent to sell. *Cf. Chase II,* 505 A.2d at 793 (court abused its discretion in ordering State to disclose identity of informant present only for controlled buy of cocaine and unable to testify to any fact relevant to charge of possession with intent to distribute). Faust knew, however, that any testimony by the informant about that transaction would be damaging to his defense because of Cornelio's report and because the affidavit filed to secure the search warrant stated that "[t]he [informant] also advised that the crack cocaine purchase was made directly from … Omari Faust and occurred within # 6." Thus, during the hearing on Faust's motion *in limine* just prior to the trial, counsel for Faust acknowledged that, "in this case, quite frankly, I don't want to know who the [informant] is. They … didn't tell me his name. I'm quite happy he isn't here." She also told the court that the State's decision "not to bring the [informant] in" was "fine with me,"because "I didn't want the [informant] in." When the court asked counsel why she had not sought to exclude the evidence earlier by means of a motion to suppress, she responded that "what I didn't want to happen is for the State to say to me, well, then we'll bring the [informant] in."

 [¶ 8] The purpose of Rule 509 is to require the State to disclose the identity of an informant who is reasonably likely to offer testimony that is relevant to the defense. *Devlin,* 618 A.2d at 203–04; *Chase II,* 505 A.2d at 793. Faust did not want the informant to testify. He invoked Rule 509 as a gambit to get the $45 in buy money and the cocaine found in the hallway excluded. It would make no sense to require the State to disclose an informant's identity in the face of a defendant's assertion that the informant's testimony is unwanted. The court did not abuse its discretion or deny Faust's constitutional rights by refusing to countenance a tactical ploy.[2]

2. Faust contends, in a footnote, that the search warrant leading to his arrest was insufficient on its face and defective in its execution. U.S.

The entry is:

Judgment affirmed.

---

Const.amend. IV; Me. Const. art. 1, § 5. In the Superior Court Faust filed and withdrew a motion to suppress, and never challenged the warrant's sufficiency, thereby waiving the issue on appeal.