STATE OF MAINE

KENNEBEC, ss.

STATE OF MAINE

v.

MICHAEL J. McMILLION,

      Defendant

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-03-175

REC'D & FILED
Nancy A. Desjardin

SEP 09 2003

Clerk of Courts
Kennebec County

**DECISION ON MOTIONS**

This matter came before the court on a variety of motions filed by defendant McMillion concerning pending charges.

## I.    Motion to Dismiss Count II.

The first motion seeks to dismiss count II of the indictment, which charges the defendant with conspiracy to commit aggravated trafficking in scheduled drugs. The basis for the motion is defendant's argument that the count is too vague in that it simply alleges that "a substantial step toward commission of the crime" was taken, without specifying what that step was. However, looking at the indictment as a whole, count III charges illegal importation and count IV charges unlawful possession of scheduled drugs, either of which would constitute a substantial step toward aggravated trafficking. The defendant was adequately informed of the State's theory by the entire indictment. The motion is denied.

## II.    Motion for Discovery.

Defendant next seeks discovery of various documents, recordings and reports of scientific testing, all of which will be granted without objection. However, the motion also seeks the disclosure of any promises made to any confidential informants, which necessarily involves the next motion.

## III. Motion for Disclosure of Confidential Informant.

The affidavit supporting the request for search warrant is based primarily on information obtained from three confidential informants. The plaintiff seeks to have those informants identified, while the State objects, citing M.R. Evid. 509. Rule 509 establishes a privilege for the State to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation, with two exceptions. The exception argued by the defendant is set forth in Rule 509(c)(2) which allows disclosure if it appears "there is a reasonable probability that an informer may be able to give testimony relevant to any issue in a civil or criminal case to which a public entity is a party." The defendant alleges that the informants in the present case participated in or were witnesses to events for which the defendant has been indicted and therefore have relevant testimony. However, this is not consistent with the indictment, which alleges that all four counts occurred "on or about February 8, 2003" - the day of the search. Unlike the informant in *State v. Devlin*, 618 A.2d 203 (Me. 1992), who was an eye witness to the sale of drugs for which the defendant was charged, there is no indication that the informants here were present at or know anything about the particulars of the search which lead to the present charges. Nor has the defendant presented any information to indicate that any of the three informers could give such relevant testimony. The defendant must make "some showing greater than a bare assertion and supported by more than the mere desire to determine the informant's identity." *State v Chase*, 505 A.2d 791, 793 (Me. 1986). There is not enough even to generate an *in camera* presentation by the State. The motion will be denied.

## IV. Motion to Suppress Evidence.

The defendant next seeks to have suppressed evidence seized as the result of execution of a search warrant on a residence in Benton. The primary basis for this

2

motion is the police use of a "no knock" warrant, which allowed the officers to break into the residence unannounced. The defendant also argues that there was insufficient information in the affidavit to support the warrant. The affidavit is based primarily on information received from the confidential sources, all of whom gave information corroborating each other that the owner of the residence was engaged in drug dealing together with three black male suspects staying at the house. Among other information, the informants stated that at least one of the suspects was armed with a Glock handgun and that the suspects were careful to keep their stash of drugs located above a toilet for quick removal of evidence in the event of a search. This information was sufficient to create a reasonable suspicion that if the officers were required to knock and announce themselves before entering the residence, evidence would be destroyed and the officer's safety would be placed in jeopardy. The defendant also questions the need for a warrant that could be executed in the nighttime, which is moot since the search actually did not occur in the nighttime (6:00 p.m.). Looking at the totality of the circumstances as set forth in the affidavit, there was sufficient reliable information to amply support the finding of probable cause that drug trafficking was occurring at the residence and that a "no knock" warrant was justified

## V.  Motion to Suppress Statements.

Finally, the defendant moves to suppress any statements he may have made to law enforcement officials prior to his tape-recorded interview with Det. Lt. Gottardi. The defendant does not seek to suppress statements that he made in the recorded interview he had with Lt. Gottardi in Gottardi's truck, but has requested that the court listen to that recording to place previous statements – if any - in context.. After the initial entry, Gottardi's role was to interview everyone who was in the house, while other officers did the actual searching. There is no indication that the defendant made

3

any statements to anyone other than Gottardi and Gottardi stated that he asked no substantive questions before turning on the tape, so there is some question as to whether there even were any statements which would be the subject of this motion. In the event that there were statements, it would be the State's burden to prove that these statements were made voluntarily. Although the defendant was caught and returned to the residence when he attempted to flee, there is no evidence that he otherwise was subject to any restraint or coercion. The evidence, including the recording of the subsequent interrogation, is that the officers acted with necessary professionalism. The defendant's handling was firm, but it fell far short of the type of coercion necessary to make any statement involuntary. The State has met its burden and the motion will be denied.

For the reasons stated, the entry will be:

(1)    Motion to dismiss indictment is DENIED.
(2)    Motion for discovery is GRANTED with the exception of the identify of any confidential informant.
(3)    Motion to disclose confidential informants is DENIED.
(4)    Motion to suppress evidence is DENIED.
(5)    Motion to suppress statements is DENIED.

Dated: September ____8____, 2003

S. Kirk Studstrup
Justice, Superior Court

4

STATE OF MAINE
 vs
MICHAEL MCMILLION
38 WESTERN AVENUE
WATERVILLE ME 04901

DOB: 03/21/1981
Attorney: LEONARD SHARON
         SHARON LEARY & DETROY
         90 MAIN ST
         PO BOX 3130
         AUBURN ME 04212-3130
         RETAINED 04/18/2003

Filing Document: INDICTMENT
Filing Date: 04/18/2003

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CR-2003-00175

DOCKET RECORD

State's Attorney: EVERT FOWLE

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1  AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS  02/08/2003 BENTON
   17-A   1105-A(1)(H)        Class A

2  CRIMINAL CONSPIRACY                        02/08/2003 BENTON
   17-A   151(1)(B)           Class B

3  ILLEGAL IMPORTATION OF SCHEDULED DRUGS     02/08/2003 BENTON
   17-A   1118(1)             Class C

4  UNLAWFUL POSSESSION OF SCHEDULED DRUG      02/08/2003 BENTON
   17-A   1107-A(1)(A)(1)     Class B

## Docket Events:

04/22/2003 FILING DOCUMENT - INDICTMENT FILED ON 04/18/2003

         TRANSFER - BAIL AND PLEADING GRANTED ON 04/18/2003

         TRANSFER - BAIL AND PLEADING REQUESTED ON 04/18/2003

04/24/2003 Charge(s): 1,2,3,4
         HEARING - ARRAIGNMENT SCHEDULED FOR 04/24/2003 @ 8:30

04/24/2003 Charge(s): 1,2,3,4
         HEARING - ARRAIGNMENT HELD ON 04/24/2003 @ 8:30
         DONALD H MARDEN , JUSTICE
         Attorney: LEONARD SHARON
         DA: ALAN KELLEY        Reporter: JANETTE COOK
         Defendant Present in Court

         READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
         DEFENDANT.  21 DAYS TO FILE MOTIONS

Printed on: 09/11/2003

04/24/2003 Charge(s): 1,2,3,4
        PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 04/24/2003

04/24/2003 Charge(s): 1,2,3,4
        PLEA - NOT GUILTY ACCEPTED BY COURT ON 04/24/2003

04/24/2003 BAIL BOND - $250,000.00 SURETY BAIL BOND CONTINUED AS SET ON 04/24/2003

        BAIL TO CONTINUE AS SET WITHOUT PREJUDICE, DEFENSE COUNSEL MAY REQUEST A REVIEW OF BAIL AT
        A LATER DATE.
04/24/2003 BAIL BOND - SURETY BAIL BOND COMMITMENT ISSUED ON 04/24/2003

05/02/2003 TRANSFER - BAIL AND PLEADING RECVD BY COURT ON 05/02/2003

        RECEIVED FROM WATERVILLE DISTRICT COURT DOCKET NO: CR-03-258
05/02/2003 BAIL BOND - $50,000.00 SURETY BAIL BOND SET BY COURT ON 02/10/2003

        $50,000 CASH OR $250,000 SURETY
05/02/2003 BAIL BOND - SURETY BAIL BOND COMMITMENT ISSUED ON 02/10/2003

05/16/2003 Charge(s): 2
        MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 05/14/2003

        MOTION TO DISMISS COUNT 2 OF THE INDICTMENT.
05/16/2003 MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 05/14/2003

05/16/2003 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 05/14/2003

05/16/2003 MOTION - MOTION DISCLOSE CONF INFORMANT FILED BY DEFENDANT ON 05/14/2003

05/16/2003 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 05/14/2003

05/16/2003 MOTION - OTHER MOTION FILED BY DEFENDANT ON 05/14/2003

        MOTION FOR ACCESS TO EVIDENCE FOR INDEPENDENT TESTING.
05/20/2003 HEARING - MOTION TO DISMISS SCHEDULED FOR 06/03/2003 @ 9:00

        NOTICE TO PARTIES/COUNSEL
05/20/2003 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 06/03/2003 @ 9:00

        NOTICE TO PARTIES/COUNSEL
05/20/2003 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 06/03/2003 @ 9:00

        NOTICE TO PARTIES/COUNSEL
06/02/2003 MOTION - MOTION TO CONTINUE FILED BY STATE ON 05/30/2003

06/03/2003 MOTION - MOTION TO CONTINUE GRANTED ON 06/03/2003
        JOHN R ATWOOD , JUSTICE
        COPY TO PARTIES/COUNSEL
06/03/2003 HEARING - MOTION FOR DISCOVERY CONTINUED ON 06/03/2003

06/03/2003 HEARING - MOTION TO DISMISS CONTINUED ON 06/03/2003

06/03/2003 HEARING - MOTION TO SUPPRESS CONTINUED ON 06/03/2003

06/17/2003 HEARING - MOTION TO DISMISS SCHEDULED FOR 07/08/2003 @ 9:00

      NOTICE TO PARTIES/COUNSEL
06/17/2003 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 07/08/2003 @ 9:00

      NOTICE TO PARTIES/COUNSEL
06/17/2003 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 07/08/2003 @ 9:00

      NOTICE TO PARTIES/COUNSEL
06/17/2003 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 07/08/2003 @ 9:00

      NOTICE TO PARTIES/COUNSEL
06/25/2003 MOTION - MOTION TO AMEND BAIL FILED BY DEFENDANT ON 06/23/2003

      MOTION TO REDUCE BAIL
07/22/2003 HEARING - MOTION TO AMEND BAIL SCHEDULED FOR 07/08/2003 @ 9:00

      NOTICE TO PARTIES/COUNSEL
07/22/2003 HEARING - MOTION TO AMEND BAIL HELD ON 07/08/2003
      S KIRK STUDSTRUP , JUSTICE
      Attorney: LEONARD SHARON
      DA: ALAN KELLEY      Reporter: KIMBERLY MCCULLOCH
      Defendant Present in Court
07/22/2003 HEARING - MOTION FOR DISCOVERY CONTINUED ON 07/08/2003

07/22/2003 HEARING - MOTION TO SUPPRESS EVIDENCE CONTINUED ON 07/08/2003

07/22/2003 HEARING - MOTION TO SUPPRESS STATEMENT CONTINUED ON 07/08/2003

07/22/2003 HEARING - MOTION TO DISMISS CONTINUED ON 07/08/2003

07/22/2003 HEARING - MOTION TO DISMISS SCHEDULED FOR 07/24/2003 @ 1:00

      NOTICE TO PARTIES/COUNSEL
07/22/2003 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 07/24/2003 @ 1:00

      NOTICE TO PARTIES/COUNSEL
07/22/2003 HEARING - MOTION DISCLOSE CONF INFORMANT SCHEDULED FOR 07/24/2003 @ 1:00

07/22/2003 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 07/24/2003 @ 1:00

      NOTICE TO PARTIES/COUNSEL
07/22/2003 MOTION - MOTION TO AMEND BAIL UNDER ADVISEMENT ON 07/08/2003
      S KIRK STUDSTRUP , JUSTICE
      DECISION TO BE MADE THE WEEK OF THE 21ST.
07/25/2003 BAIL BOND - $100.00 CASH BAIL BOND FILED ON 07/25/2003
      BAIL BOND - $9,000.00 CASH BAIL BOND FILED
      BAIL BOND - $900.00 CASH BAIL BOND FILED

      Bail Receipt Type: CR
      Bail Amt: $9,000

Date Bailed: 07/25/2003          Receipt Type: CA
                                 Prvdr Name: MICHAEL  MCMILLION
                                 Rtrn Name: JOE  FISHER

## Conditions of Bail:

07/25/2003 BAIL BOND - $100.00 CASH BAIL BOND FILED    ON 07/25/2003
           BAIL BOND - $9,000.00 CASH BAIL BOND FILED
           BAIL BOND - $900.00 CASH BAIL BOND FILED

           Bail Receipt Type: CR
           Bail Amt: $100

                                 Receipt Type: CK
           Date Bailed: 07/25/2003          Prvdr Name: MICHAEL  MCMILLION
                                 Rtrn Name: JOE  FISHER

## Conditions of Bail:

07/25/2003 BAIL BOND - $100.00 CASH BAIL BOND FILED    ON 07/25/2003
           BAIL BOND - $9,000.00 CASH BAIL BOND FILED
           BAIL BOND - $900.00 CASH BAIL BOND FILED

           Bail Receipt Type: CR
           Bail Amt: $900

                                 Receipt Type: CA
           Date Bailed: 07/25/2003          Prvdr Name: MICHAEL  MCMILLION
                                 Rtrn Name: JOE  FISHER

## Conditions of Bail:

07/25/2003 NOTE -  OTHER CASE NOTE ENTERED ON 07/25/2003

           NOTE THE THREE CASH BAIL BONDS AS THE BAIL CAME IN THE FORM OF CASH AND CHECK.
07/28/2003 HEARING -  MOTION TO AMEND BAIL SCHEDULED FOR 07/24/2003

           NOTICE  TO PARTIES/COUNSEL
07/28/2003 HEARING -  MOTION TO AMEND BAIL HELD ON 07/24/2003
           S KIRK STUDSTRUP , JUSTICE
           Attorney: LEONARD SHARON
           DA:  ALAN KELLEY          Reporter: LAURIE GOULD
           Defendant Present in Court
07/28/2003 MOTION -  MOTION TO AMEND BAIL GRANTED ON 07/24/2003
           S KIRK STUDSTRUP , JUSTICE
           COPY TO PARTIES/COUNSEL    BAIL REDUCED TO $10,000 CASH
07/28/2003 HEARING -  MOTION FOR DISCOVERY HELD ON 07/24/2003
           S KIRK STUDSTRUP , JUSTICE
           Attorney: LEONARD SHARON
           DA:  ALAN KELLEY          Reporter: LAURIE GOULD
           Defendant Present in Court
07/28/2003 MOTION -  MOTION FOR DISCOVERY UNDER ADVISEMENT ON 07/24/2003
           S KIRK STUDSTRUP , JUSTICE
07/28/2003 HEARING -  MOTION DISCLOSE CONF INFORMANT HELD ON 07/24/2003
           S KIRK STUDSTRUP , JUSTICE

Printed on: 09/11/2003

Attorney: LEONARD SHARON
DA: ALAN KELLEY          Reporter: LAURIE GOULD
Defendant Present in Court
07/28/2003 MOTION - MOTION DISCLOSE CONF INFORMANT UNDER ADVISEMENT ON 07/24/2003
S KIRK STUDSTRUP , JUSTICE
07/28/2003 HEARING - MOTION TO SUPPRESS STATEMENT HELD ON 07/24/2003
S KIRK STUDSTRUP , JUSTICE
Attorney: LEONARD SHARON
DA: ALAN KELLEY          Reporter: LAURIE GOULD
Defendant Present in Court
07/28/2003 MOTION - MOTION TO SUPPRESS STATEMENT UNDER ADVISEMENT ON 07/24/2003
S KIRK STUDSTRUP , JUSTICE
07/28/2003 HEARING - MOTION TO DISMISS HELD ON 07/24/2003
S KIRK STUDSTRUP , JUSTICE
Attorney: LEONARD SHARON
DA: ALAN KELLEY          Reporter: LAURIE GOULD
Defendant Present in Court
07/28/2003 Charge(s): 2
MOTION - MOTION TO DISMISS UNDER ADVISEMENT ON 07/24/2003
S KIRK STUDSTRUP , JUSTICE
07/28/2003 HEARING - OTHER MOTION SCHEDULED FOR 07/24/2003 @ 1:00

MOTION FOR INDEPENDANT TESTING
07/28/2003 HEARING - OTHER MOTION HELD ON 07/24/2003
S KIRK STUDSTRUP , JUSTICE
Attorney: LEONARD SHARON
DA: ALAN KELLEY          Reporter: LAURIE GOULD
Defendant Present in Court

MOTION FOR INDEPENDANT TESTING
07/28/2003 MOTION - OTHER MOTION UNDER ADVISEMENT ON 07/24/2003
S KIRK STUDSTRUP , JUSTICE
MOTION FOR ACCESS TO EVIDENCE FOR INDEPENDENT TESTING.
07/28/2003 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 07/24/2003 @ 1:00

NOTICE TO PARTIES/COUNSEL
07/28/2003 HEARING - MOTION TO SUPPRESS EVIDENCE HELD ON 07/24/2003
S KIRK STUDSTRUP , JUSTICE
Attorney: LEONARD SHARON
DA: ALAN KELLEY          Reporter: LAURIE GOULD
Defendant Present in Court
07/28/2003 MOTION - MOTION TO SUPPRESS EVIDENCE UNDER ADVISEMENT ON 07/24/2003
S KIRK STUDSTRUP , JUSTICE
08/22/2003 CASE STATUS - CASE FILE LOCATION ON 07/24/2003

JUSTICE STUDSTRUP HAS FILE UNDER ADVISEMENT
09/10/2003 CASE STATUS - CASE FILE RETURNED ON 09/09/2003

09/10/2003 MOTION - MOTION FOR DISCOVERY GRANTED ON 09/08/2003
S KIRK STUDSTRUP , JUSTICE
COPY TO PARTIES/COUNSEL    WITH THE EXCEPTION OF THE IDENTIFY OF ANY CONFIDENTIAL
INFORMANT.
09/10/2003 MOTION - MOTION DISCLOSE CONF INFORMANT DENIED ON 09/08/2003

S KIRK STUDSTRUP , JUSTICE
09/10/2003 MOTION -   MOTION TO SUPPRESS EVIDENCE DENIED ON 09/08/2003
S KIRK STUDSTRUP , JUSTICE
COPY TO PARTIES/COUNSEL
09/10/2003 MOTION -   MOTION TO SUPPRESS STATEMENT DENIED ON 09/08/2003
S KIRK STUDSTRUP , JUSTICE
COPY TO PARTIES/COUNSEL
09/10/2003 Charge(s):  2
MOTION -   MOTION TO DISMISS DENIED ON 09/08/2003
S KIRK STUDSTRUP , JUSTICE
COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST:  _____
Clerk

Printed on: 09/11/2003