STATE OF MAINE

KENNEBEC, ss.

REC'D & FILED
Nancy A. Desjardin

OCT 2 9 2003

Clerk of Courts
Kennebec County

STATE OF MAINE

v.

DASHAWN THOMAS,
a/k/a SOREL L. THOMAS,

Defendant

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-03-174
DHM - KEN - 10/29/2003

ORDER ON DEFENDANT'S
MOTION FOR DISCOVERY

DONALD L. GARBRECHT
LAW LIBRARY

DEC 12 2003

This matter is before the court on defendant's motion for discovery. Most specifically, defendant asks the court to direct the State to disclose the identity of a confidential informant.

On April 16, 2003, an indictment was returned by the Grand Jury charging the defendant in count I with Aggravated Trafficking in Scheduled Drugs (class A), count II, Conspiracy to Commit Aggravated Trafficking in Scheduled Drugs (class B), count III, Illegal Importation of Scheduled Drugs (class C), and count IV, Unlawful Possession of Scheduled Drugs (class B).

On February 8, 2003, a search warrant was executed at a residence on the River Road in Benton by deputies from the Somerset and Kennebec County Sheriffs' Departments. The affidavit in support of the request for search warrant contained information, in part, obtained from a controlled drug buy at the residence by a confidential informant known as "03-30." At the execution of the search warrant, the defendant, Dashawn Thomas, was found in the living room of the residence in possession of a scheduled drug. After appropriate *Miranda* warning, the defendant was interviewed. In that interview, he admitted to the use of the scheduled drug on his person but denied any knowledge of other drugs located in other places in the

residence. The defendant further stated that he came to the location by bus and that "this is the first time that I've been here." Detective Gottardi Report, 5th page. However, also in the officer's report, prepared post-search, the detective noted that "when CI (confidential informant) 03-30 made the controlled purchase of crack cocaine from 'J,' as described in my search warrant affidavit, a new black man called called, 'D,' was present at then Beane-Parkhurst's residence, according to 03-30." Defendant admits to being known as "D."

In order to be found guilty of Aggravated Trafficking in Scheduled Drugs, the State must prove beyond a reasonable doubt that the defendant intentionally or knowingly trafficked in what he knew to be a scheduled drug, in this case cocaine, a schedule W drug. Further, the indictment charges that defendant trafficked in a quantity of 112 grams or more or cocaine in the form of cocaine base in a quantity of 32 grams or more. Such additional allegations make the offense a class A crime. By statutory definition, to "traffic" one must create, cultivate, sell, barter or trade, possess with the intent to possess in a stated possess or possess a certain minimum amount. The attribution of scheduled drugs found at the execution of the search warrant in locations other than the living room in the presence of this defendant puts in issue the involvement of the defendant with respect to other persons and locations in the residence.

In count II of the indictment, the defendant is charged with conspiracy to commit aggravated trafficking. In this charge, the State would be required to prove beyond a reasonable doubt that the defendant had the intent to perform conduct in agreement with others and took a substantial step toward the commission of the aggravated trafficking crime. An element of that offense is a finding that the defendant agreed with others to engage in the conduct. Under these circumstances, the relationship of the

defendant with the residence and with others similarly charged within the residence is entirely relevant.

Maine law is well established in this area. The court may order the State to disclose an informant's identity when it is shown that "there is a reasonable probability that the informer can give testimony relevant to any issue in a . . . criminal case," M.R. Evid. 509(c)(2); *State v. Faust*, 1997 ME 135, 696 A.2d 1088, citing *State v. Chase*, 505 A.2d 791 (Me. 1986). "Only if the state elects, upon such an order, to continue to withhold the informant's identity may the court prohibit the prosecuting attorney from introducing specified evidence." M.R. Evid. 509(c)(2). "In exercising its discretion, the court must balance the state's interest in protecting the flow of information against the defendant's need for information material to a defense. We have held that 'some showing greater than a bare assertion and supported by more than a mere desire to determine the informant's identity must be made by the defendant.'" *State v. Faust*, 696 A.2d at 1090.

The presence of the defendant in the residence some days before the execution of the search warrant is relevant for two purposes, first, to impeach the credibility of the defendant and contradict his statement to the officer that his presence at the time of the execution of the search warrant was the first time he had been in that residence, and, second, it is an item of circumstantial evidence of some previous relationship by this defendant with other co-defendants and/or with that residence. In the event the State seeks to introduce such evidence, i.e., defendant's presence in the residence prior to the date of the execution of the search warrant, and if that evidence is to be supplied either directly or indirectly from the confidential informant as a source, the State must disclose that confidential informant's identity to afford the defendant an opportunity to interview and to otherwise confront and cross-examine that witness.

Accordingly, the entry will be:

Defendant's motion for discovery of Confidential Informant 03-30 is GRANTED; State is ORDERED to disclose to defendant the identity of CI 03-30 in the event it seeks to provide evidence of the presence of the defendant in the Beane-Parkhurst residence on an occasion prior to February 8, 2003, through the Confidential Informant as a witness; provided, however, in the event the State provides such evidence by another source or chooses not to produce such evidence from the Confidential Informant, in accordance with the law, the privilege of confidentiality of the informant is preserved.

Dated: October 29, 2003

Donald H. Marden
Justice, Superior Court

STATE OF MAINE
   vs
DASHAWN THOMAS
167 SHERADAN AVENUE
BRONX NY 10468

DOB: 08/21/1982
Alias: SORELL THOMAS

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2003-00174

**DOCKET RECORD**

Attorney: JOHN PELLETIER
          GOODSPEED & O'DONNELL
          10 SUMMER ST
          PO BOX 738
          AUGUSTA ME 04332-0738
          APPOINTED 08/06/2003

State's Attorney: EVERT FOWLE

Filing Document: INDICTMENT
Filing Date: 04/18/2003

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS   02/08/2003 BENTON
    17-A   1105-A(1)(D)          Class A

2   CRIMINAL CONSPIRACY                         02/08/2003 BENTON
    17-A   151(1)(B)             Class B

3   ILLEGAL IMPORTATION OF SCHEDULED DRUGS      02/08/2003 BENTON
    17-A   1118(1)               Class C

4   UNLAWFUL POSSESSION OF SCHEDULED DRUG       02/08/2003 BENTON
    17-A   1107-A(1)(A)(1)       Class B

## Docket Events:

04/22/2003 FILING DOCUMENT -  INDICTMENT FILED ON 04/18/2003

           TRANSFER -  BAIL AND PLEADING GRANTED ON 04/18/2003

           TRANSFER -  BAIL AND PLEADING REQUESTED ON 04/18/2003

04/29/2003 Charge(s): 1,2,3,4
           HEARING -  ARRAIGNMENT SCHEDULED FOR 04/23/2003 @ 8:30

04/29/2003 Charge(s): 1,2,3,4
           HEARING -  ARRAIGNMENT HELD ON 04/23/2003 @ 8:30
           DONALD H MARDEN , JUSTICE
           Attorney: WALTER MCKEE
           DA: ALAN KELLEY        Reporter: JANETTE COOK
           Defendant Present in Court

READING WAIVED.   DEFENDANT INFORMED OF CHARGES.   COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT.   21 DAYS TO FILE MOTIONS

04/29/2003 Charge(s):   1,2,3,4
PLEA -   NOT GUILTY ENTERED BY DEFENDANT ON 04/23/2003

04/29/2003 Charge(s):   1,2,3,4
PLEA -   NOT GUILTY ACCEPTED BY COURT ON 04/25/2003

04/29/2003 BAIL BOND -   NO BAIL ALLOWED SET BY COURT ON 04/23/2003

WITHOUT PREJUDICE, BAIL MAY BE REVIEWED AT A LATER DATE.
04/29/2003 BAIL BOND -   NO BAIL ALLOWED COMMITMENT ISSUED ON 04/23/2003

04/29/2003 MOTION -   MOTION TO SUPPRESS FILED BY DEFENDANT ON 04/28/2003

04/29/2003 MOTION -   MOTION FOR DISCOVERY FILED BY DEFENDANT ON 04/28/2003

05/02/2003 TRANSFER -   BAIL AND PLEADING RECVD BY COURT ON 05/02/2003

RECEIVED FROM WATERVILLE DISTRICT COURT DOCKET NO: CR-03-256
05/02/2003 BAIL BOND - $40,000.00 SURETY BAIL BOND SET BY COURT ON 03/10/2003

$40,000 CASH OR $200,000 SURETY
05/02/2003 BAIL BOND -   SURETY BAIL BOND COMMITMENT ISSUED ON 03/10/2003

06/17/2003 HEARING -   MOTION TO SUPPRESS SCHEDULED FOR 07/08/2003 @ 9:00

NOTICE   TO PARTIES/COUNSEL
06/17/2003 HEARING -   MOTION FOR DISCOVERY SCHEDULED FOR 07/08/2003 @ 9:00

NOTICE   TO PARTIES/COUNSEL
07/09/2003 HEARING -   MOTION TO SUPPRESS CONTINUED ON 07/08/2003

07/09/2003 HEARING -   MOTION FOR DISCOVERY CONTINUED ON 07/08/2003

07/11/2003 MOTION -   MOTION FOR WITHDRAWAL OF CNSL FILED BY DEFENDANT ON 07/10/2003

07/14/2003 MOTION -   MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 07/14/2003
S KIRK STUDSTRUP , JUSTICE
COPY TO PARTIES/COUNSEL    MR. MCKEE GRANTED LEAVE TO WITHDRAW.   DEFENDANT SHALL CAUSE
ENTRY OF APPEARANCE OF NEW COUNSEL OR APPLY FOR APPOINTED COUNSEL WITHIN 20 DAYS.   FAILURE
TO FILE WILL CAUSE DEFENDANT TO BE CONSIDERED PRO SE.
08/05/2003 MOTION -   MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 08/05/2003

08/18/2003 MOTION -   MOTION FOR APPOINTMENT OF CNSL GRANTED ON 08/06/2003
JOHN R ATWOOD , JUSTICE
COPY TO PARTIES/COUNSEL
09/03/2003 HEARING -   MOTION FOR DISCOVERY SCHEDULED FOR 10/08/2003 @ 1:00

NOTICE   TO PARTIES/COUNSEL
09/03/2003 HEARING -   MOTION TO SUPPRESS SCHEDULED FOR 10/07/2003 @ 9:00

NOTICE   TO PARTIES/COUNSEL

09/03/2003 TRIAL - DOCKET CALL SCHEDULED FOR 10/06/2003 @ 9:00

10/06/2003 TRIAL - DOCKET CALL HELD ON 10/06/2003
          DONALD H MARDEN , JUSTICE
          Attorney: JOHN PELLETIER
          DA: PAUL RUCHA          Reporter: KIMBERLY MCCULLOCH
          Defendant Present in Court
10/07/2003 HEARING - MOTION TO SUPPRESS NOT HELD ON 10/07/2003

10/07/2003 MOTION - MOTION TO SUPPRESS WITHDRAWN ON 10/07/2003

10/08/2003 HEARING - MOTION FOR DISCOVERY HELD ON 10/08/2003
          DONALD H MARDEN , JUSTICE
          Attorney: JOHN PELLETIER
          DA: PAUL RUCHA          Reporter: KIMBERLY MCCULLOCH
          Defendant Present in Court

          TAKEN UNDER ADVISEMENT
10/08/2003 MOTION - MOTION FOR DISCOVERY UNDER ADVISEMENT ON 10/08/2003
          DONALD H MARDEN , JUSTICE
10/08/2003 CASE STATUS - DECISION UNDER ADVISEMENT ON 10/08/2003
          DONALD H MARDEN , JUSTICE
10/09/2003 Charge(s): 1,2,3,4
          TRIAL - JURY TRIAL SCHEDULED FOR 10/27/2003 @ 9:00

          NOTICE TO PARTIES/COUNSEL
10/29/2003 MOTION - MOTION FOR DISCOVERY GRANTED ON 10/29/2003
          DONALD H MARDEN , JUSTICE
          COPY TO PARTIES/COUNSEL
10/29/2003 Charge(s): 1,2,3,4
          TRIAL - JURY TRIAL NOT HELD ON 10/27/2003

          MOTION FOR DISCOVERY STILL UNDER ADVISEMENT

A TRUE COPY
ATTEST: _____
                  Clerk