**STATE of Maine**

v.

**Alan B. CHASE.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1981.

Decided Jan. 11, 1982.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty. (orally), Portland, for plaintiff.

Daniel G. Lilley (orally), Naomi H. Honeth, Portland, for Alan B. Chase.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

ROBERTS, Justice.

Alan B. Chase was indicted for trafficking in a schedule W drug, 17–A M.R.S.A. § 1103 (Supp.1980), and for possession of a firearm by a felon, 15 M.R.S.A. § 393. The State has appealed pursuant to 15 M.R.S.A. § 2115–A(1) (Supp.1980)[1] from an order dismissing the case for failure to comply with an order for disclosure of the identity of an informant. Chase has cross-appealed to challenge a modification of that order. We affirm the disclosure order, but vacate the order of dismissal.

The instant appeal arises from an attempt by Chase to suppress evidence seized pursuant to a warrant issued to search for cocaine at Chase's apartment. He urged that the evidence be suppressed on the grounds that the affidavit in support of the search warrant contained deliberate or reckless falsehoods by the affiant. Concomitant with the motion to suppress, defendant also sought the identity of the informant whose observations and statements form the basis of the affidavit.

Following the State's *in camera* disclosure of the informant by means of an affi-

1. We note that the State did not file the Attorney General's written approval of the appeal required by 15 M.R.S.A. § 2115–A(5) until five months after it filed the notice of appeal.

While this section does not expressly set a time limitation for submission of the Attorney General's approval, we believe it should be filed promptly after the notice of appeal is filed.

davit, the Superior Court, Cumberland County, ordered disclosure to the defense and further hearings on the truth or falsity of the affidavit. Upon the State's refusal to comply with the disclosure order, the case was dismissed.

## I. *Factual Background*

On September 11, 1980, Portland Police Detective Michael J. Russo executed an affidavit in order to secure a search warrant to search Chase's apartment. The affidavit contained the following allegations:

First, a "concerned citizen" had approached Russo and Detective Kenneth Pike at 7:30 p. m. on September 11 and claimed that the defendant was one of Portland's major cocaine dealers. The informant further stated that he had observed Chase selling cocaine and had himself purchased cocaine from Chase.

Second, at Russo's request the "concerned citizen" agreed to make a cocaine purchase from the defendant. Russo gave the informant money and at 8:00 p. m. dropped him off at Chase's apartment. Five minutes later, the informant returned with a substance which subsequently proved to be cocaine.

Third, the affiant recited that for two weeks prior to September 11, he and Pike observed Chase's apartment on several occasions. During this surveillance, they observed "large amounts of foot and vehicle traffic, stopping at the house, and people entering, staying for only 5–10 minutes then leaving, some of which are known drug users."

On the basis of this affidavit, a warrant for a nighttime search was issued at 10:15 p. m. on September 11. At approximately 10:45 p. m. Russo, Pike and several other police officers arrived at Chase's apartment and conducted a search. The officers found and seized cocaine, over $18,000 in cash, a revolver and various drug related items.

Chase and two other occupants of the apartment, Dorothy W. and Roy A. Hopkins were placed under arrest. The charge against Dorothy Hopkins was dismissed on the State's motion. Roy Hopkins has not appeared in the Law Court.

During the course of the suppression hearing, defense counsel presented testimony with respect to the nexus between the alleged informant and the alleged falsity of the affidavit. Throughout the proceedings, defendant focused on a specific individual whom he believed to be the informant relied upon by Russo and offered evidence as to why this individual could not provide the information noted in the affidavit.

At the December 30, 1980 hearing, a private investigator was examined by counsel regarding a meeting among defense counsel, the investigator, and the alleged informant. During the meeting, the investigator testified, the alleged informant stated that the affidavit was a pack of lies. Moreover, the investigator stated that he believed, through his observations of and statements by the alleged informant at the meeting with him, that this person was the "concerned citizen" relied upon by Russo even though he denied any involvement with Russo on this particular matter.[2] De-

2. Q Did there come a time towards the end of the interview when that procedure was repeated, namely that the affidavit was then specifically read point-by-point to him again?
 A Yes, during the cross-examination, if you will, when he was confronted with the fact that there was a theft charge pending against him that arose on the day of the Chase incident or arrest, coupled with the fact that there was an older operating under the influence charge pending, he conceded that he had worked with Russo and that Russo had used him badly.
 Q And with regard specifically to the affidavit was there any shift in his position on denial of being the concerned citizen?

A Yes.
Q Would you tell the Court about that one?
A He—although continuing to deny that he was, in fact, the informant through the course of Mr. Lilley's questions, it became obvious that he was not being entirely honest with us and had knowledge of circumstances reflected in the affidavit and that he was, in fact, the person involved.
Q And did he finally address himself specifically to the information in the affidavit and make comments about its truth or veracity?
A Yes, he did. He denied the substance of Russo's claims as to his cooperation. He said that the affidavit was a pack of lies and

fense counsel also presented evidence that the suspected informant was in jail until Russo secured his release at 8:15 p. m. on September 11, the night the alleged events in the affidavit took place. Testimony was also presented intimating that the police failed to execute outstanding bench warrants against the suspected informant when the opportunity arose after September 11.

It is in light of this evidence that we must review the propriety of the Superior Court's decision to order disclosure after the informant's identity had been revealed to the Court and the appropriateness of the dismissal order following the State's refusal to disclose.

## II. *The Disclosure Order*

In *State v. White*, Me., 391 A.2d 291 (1978), we applied the rule enunciated by the United States Supreme Court in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) that the right to challenge, at an evidentiary hearing, the truthfulness of statements contained in a search warrant affidavit is limited to cases where the defendant makes a substantial preliminary showing that a false statement intentionally or with reckless disregard of the truth has been included by the affiant in the affidavit. *Franks v. Delaware*, 438 U.S. at 155–56, 98 S.Ct. at 2676, 57 L.Ed.2d at 672; *State v. White*, 391 A.2d at 293. The State urges, in the instant case, that the defendant must also satisfy the substantial preliminary showing requirement of *Franks* in order to gain disclosure of an informant's identity in preparation for a suppression hearing.

The United States Supreme Court in *Franks*, however, specifically reserved the issue of whether "a reviewing court must ever require the revelation of the identity of an informant once a substantial preliminary showing of falsity has been made."

that he will be willing to testify to that under oath.

Q Did he use that phrase that the affidavit was a pack of lies?

A He did.

Q Now did you do subsequent—was that essentially the end of the interview?

A It was.

438 U.S. at 170, 98 S.Ct. at 2683, 57 L.Ed.2d at 681. While *White* dealt with an attack on a search warrant affidavit on the basis that the alleged informants were not in a position to supply the information attributed to them in the affidavit, we did not address in that opinion the standards to be applied by a trial judge when faced with a defendant's request for disclosure of an informant for the purpose of supporting a suppression motion. We have noted, in accord with the Supreme Court's decision in *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), that disclosure is not routinely required in probable cause hearings. *State v. Brooks*, Me., 366 A.2d 179, 181 n. 1 (1976); *State v. Hawkins*, Me., 261 A.2d 255, 260 (1970).

■ It does not follow from these decisions, however, that disclosure is prohibited when the identity of the informant is relevant to the issue of suppression. In *State v. Brooks*, Me., 366 A.2d 179 (1976) while discussing in-trial disclosure we stated:

> Acting within the range of sound judicial discretion upon a showing of actual relevance and that a fair determination of the case requires it, a presiding justice may require the State's privilege of nondisclosure of an informant's identity to yield to a disclosure motion.

*Id.* at 181. Similarly, although a defendant may not routinely obtain disclosure in preparation for a suppression hearing, the question of disclosure rests with the sound discretion of the trial judge and is not necessarily dependent upon satisfying the standard established in *Franks* or applied in *White*. See *Commonwealth v. Douzanis*, —— Mass. ——, 425 N.E.2d 326 (1981).

M.R.Evid. 509(c)(2) provides for disclosure where guilt or innocence is at issue but does not cover the question of disclosure when it relates to a suppression hearing.[3] Rule 509,

3. The State does not suggest and we do not adopt the proposition that by omitting any reference to pretrial disclosure Rule 509 implies an absolute privilege at that stage. We view the omission as an oversight and suggest that the oversight be addressed by the Advisory Committee for Rules of Evidence.

however, is based on the teachings of the Supreme Court in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Field & Murray, *Maine Evidence* 116 (1976) (Advisers' Note). In that decision the Supreme Court, in the exercise of its supervisory powers over the federal courts, held that disclosure is required where it is "relevant and helpful to the defense of an accused or is essential to a fair determination of a cause." *Roviaro v. United States*, 353 U.S. at 60–61, 77 S.Ct. at 627–628, 1 L.Ed.2d at 645. The court further stated:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id.* at 62, 77 S.Ct. at 628, 1 L.Ed.2d at 646, quoted favorably in *State v. Brooks*, Me., 366 A.2d 179, 181 (1976). Similarly, in *McCray v. Illinois*, the Court, while concluding that the Fourteenth Amendment did not require routine disclosure in probable cause hearings, strongly intimated that a trial judge must exercise his discretion to decide whether disclosure is necessary to ascertain whether the officer is credible. *McCray v. Illinois*, 386 U.S. at 306–308, 87 S.Ct. at 1060–1061, 18 L.Ed.2d at 68–69, quoting *State v. Burnett*, 42 N.J. 377, 385–88, 201 A.2d 39, 43–45 (1969); *see* 1 W. LaFave, *Search & Seizure* § 3.3(g) at 573–75 (1978) (*McCray* does not foreclose disclosure, emphasizes the need for discretion on this matter.) Further, the treatise on the Maine law of evidence notes that the shield of privilege should not be used to hide police misbehavior in search and seizure procedures. Field & Murray, *Maine Evidence* § 509.1 at 117 (1976). These authorities indicate a persuasive basis for the use of sound judicial discretion on the issue of disclosure in suppression proceedings.

■ The Supreme Court's decision in *Franks* and our decision in *White* set forth a procedure by which defendants can assert their rights against unreasonable search and seizure. In instances where the State relies on confidential informants, defendants lack the very information necessary to establish the threshold showing required under *Franks* and *White* and thus lack the ability to protect their rights through the mechanism provided in these decisions. *United States v. Brian*, 507 F.Supp. 761, 766–67 (D.R.I.1981); *see Commonwealth v. Douzanis*, —— Mass. at ——, 425 N.E.2d at 331 (1981). To deny defendants information regarding the informant where probable cause rests on statements and actions attributed to an undisclosed informant would " 'denude the probable-cause requirement of all real meaning' in much the same way that [as the *Franks* decision noted] a blanket ban on attacks of the government's affidavit would." *United States v. Brian*, 507 F.Supp. at 767; *see Franks v. Delaware*, 438 U.S. at 168, 98 S.Ct. at 2682, 57 L.Ed.2d at 680. Hearings before a District Court judge or complaint justice will not suffice to curb police misconduct in this area because the hasty ex-parte inquiry required by the very nature of the proceedings results in a less vigorous and extended analysis than is available in an adversary setting. *United States v. Brian*, 507 F.Supp. at 767; *see Franks v. Delaware*, 438 U.S. at 169, 98 S.Ct. at 2683, 57 L.Ed.2d at 680.

■ In light of the above, we believe that M.R.Evid. 509(c)(2) should not be the exclusive measure by which disclosure motions are decided. While the need for the identity of an informant may not be as weighty in the context of a suppression hearing as it is where guilt or innocence is at issue, this does not foreclose the defendant's right to disclosure in order to ensure a fair hearing on the probable cause issue. *See United States v. Harper*, 609 F.2d 1198 (6th Cir. 1979) (trial court erred in refusing disclosure where informant essential to prove whether break-in instigated by police

and therefore violative of the Fourth Amendment); *People v. Pointdexter,* 90 Mich.App. 599, 607, 282 N.W.2d 411, 415 (1979) (fair determination of cause includes consideration of validity of search warrant); Field & Murray, *Maine Evidence* § 509.1 at 117 (1976) (privilege should not serve as shield to hide police misconduct in searches and seizures). We therefore conclude that where a defendant attacks an affidavit based upon facts attributed to confidential informants and thereby brings into question the validity of a warrant, the trial judge must decide whether in his sound discretion disclosure is warranted. We need not decide and express no opinion on whether an attack on a warrant can ever be launched on grounds other than those expressed in our opinion in *White.*

The trial judge in the exercise of his discretion must balance the State's interest in protecting the flow of information against the defendant's need for information against the defendant's need for information material to his defense. Because of the State's interest involved, some showing greater than a bare assertion and supported by more than the mere desire to determine the informant's identity must be made by the defendant. A legitimate question or doubt must be raised in the Court's mind as to the affiant's credibility before disclosure is warranted, but the level of showing adequate to vitiate the State's interest need not be as great as that required by *White* to compel an evidentiary hearing. The Court should bear in mind, at all times, the difficulty of raising substantial allegations regarding an affiant's or informant's conduct where the identity of the informant is unknown to the defendant.

■ The use of *in camera* proceedings may aid the judge in deciding whether in the exercise of discretion disclosure is proper. *In camera* disclosure by the State in the form of an affidavit of the name of the informant or *in camera* examination by the Court of the informant or affiant may provide a basis, in addition to the showing by the defendant, for the Court to decide whether disclosure or further hearings on the motion to suppress are appropriate. *See* M.R.Evid. 509(c)(2) (public entity has opportunity to show by affidavit whether informant can supply information sought; where affidavit insufficient to resolve issue, Court may direct that testimony be taken); *United States v. Brian,* 507 F.Supp. at 766; *Commonwealth v. Douzanis,* —— Mass. at ——, 425 N.E.2d at 331–32; *see generally* 1 W. LaFave, *Search and Seizure* § 3.3(g) at 582–86 (1978). Such procedures can adequately protect the State's interest in anonymity and may be particularly useful where there is a claim that the informant's existence or communication was fabricated.

A record must be made of testimony or evidence presented *in camera.* Only the existence of the record and the form in which the evidence was presented must be revealed to defense counsel. That record should be sealed and preserved so that it can be available for appellate review.

■ Viewed under the standards discussed above, we are satisfied that the Superior Court did not abuse its discretion in ordering disclosure of the State's informant. Defendant had focused on a particular individual as the possible informant. He produced evidence which suggested that his assumption was correct and that the informant was in jail at the time the events he allegedly took part in occurred. In light of this testimony, we do not believe that following an *in camera* disclosure of the informant by the State to the Court, a disclosure order was improper.

### III. *The Dismissal Order*

■ On cross-appeal, appellee Chase asserts that the trial court erred in modifying its dismissal order to eliminate the term "with prejudice."[4] Because we find that

---

4. The State contends that the defendant has no right of cross-appeal in the instant matter. Without a doubt, defendant's claim of error is reviewable. Because the State has exercised its right of appeal under 15 M.R.S.A. § 2115–A(1) to seek pretrial review of issues related to the suppression proceedings in the court below, judicial economy and efficiency dictates that it

dismissal in any form is an inappropriate sanction when the defendant seeks an informant's identity in order to attack the validity of a warrant, we need not reach the specific issue raised by Chase on appeal.

Dismissal is the only sanction specifically provided under M.R.Evid. 509(c)(2) where the State fails to comply with an informant disclosure order. That rule, however, only covers the situation where the informant may be able to give testimony bearing on the issue of the guilt or innocence of the accused. Dismissal may be appropriate under such circumstances because the objective of the proceedings—the fair determination of guilt or innocence—is frustrated when the defendant, because of nondisclosure, is unable to call a witness who has material information bearing on the question of guilt.

 In the instant matter, the underlying purpose of defendant's request for disclosure is to challenge the validity of a search warrant and thereby suppress the evidence seized pursuant to the search. The State's refusal to disclose only obstructs the objective of suppression and the sanction or remedy administered by the court in this case should be no greater than the objective frustrated. We hold, therefore, that dismissal of the action was error and conclude that suppression of the evidence seized pursuant to the warrant is the appropriate sanction.[5]

Because of this error we vacate the Superior Court's order of dismissal and remand for entry of an order suppressing any evidence seized pursuant to the search warrant. Although we believe the State should be apprised of the sanctions it faces before it elects to not disclose and thereby chooses to protect the informant's identity, the record is clear in this case that the State was well aware of the likelihood of dismissal before it chose not to comply with the Superior Court's disclosure order.[6] By our decision today we reduce the sanction to that of suppression. We do not believe that this modification should allow the State an opportunity to reassess its prior decision.

The entry is:

Dismissal order of the Superior Court vacated.

Case remanded to the Superior Court for entry of an order suppressing evidence seized pursuant to the search warrant and for further proceedings consistent with the opinion herein.

All concurring.

is rational to allow the defendant a right of cross-appeal with respect to error arising in the same proceedings.

5. Where disclosure is genuinely sought for purposes other than or in addition to suppression, dismissal may well be an appropriate sanction. We address here only the question of the appropriate sanction for failure to comply with a disclosure order when a defendant seeks an informant's identity solely to attack the validity of a search warrant.

6. THE COURT: I have received from the State a disclosure of the name of the informant and an additional document which I would characterize not as an affidavit but as a legal argument since it didn't disclose any facts but simply argued the law. I don't think that that was the proper type of affidavit to present as to why an informant's name should not be disclosed.

After consideration of the arguments of counsel that I heard in this courtroom, but not considering the further arguments presented by the State by its purported affidavit, I am entering an order as follows:

After *in camera* disclosure the Court orders motion granted, State shall disclose the name of the informant. Those things do remain sealed.

[THE STATE]: Your Honor, at this time, as I understand it, under Rule 509 as the ball is back in the State's court—

THE COURT: That is correct.

[THE STATE]:—the State would ask, given the Court's ruling, for a period of five days to consider what it will do given the Court's order. That is at this point it is my understanding that we can still elect not to disclose the identity of the informant on the motion by defense counsel to dismiss charges against the defendant. The case would be dismissed. We can—it's up to the State to make that election and at this juncture there are a lot of things for the State to consider. We would like some time to consider whether or not we will reveal the name of the informant or not or take the dismissal and appeal that.