2011 ME 17

**STATE of Maine**

v.

**Derek W. BOUTILIER.**

Supreme Judicial Court of Maine.

Argued: Jan. 13, 2011.
Decided: Feb. 8, 2011.

Sarah L. Glynn, Esq. (orally), Oxford Hills Law, South Paris, ME, for Derek Boutilier.

Janet T. Mills, Attorney General, William R. Savage, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

ALEXANDER, J.

[¶ 1] Pursuant to a conditional plea agreement, MR.Crim. P. 11(a)(2), by which he pleaded nolo contendere to a charge of unlawful trafficking in scheduled drugs (Class C), 17–A M.R.S. § 1103(1–A)(E) (2010), Derek W. Boutilier appeals from the Superior Court's (Oxford County, *Nivison* and *Clifford, JJ.*) denial of his motions to disclose the identity of a confidential informant and to suppress. Boutilier asserts that the court erred by denying (1) his motion to disclose the identity of the confidential informant who provided information included in the warrant request, and (2) his request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), to examine alleged misstatements in the application for a warrant to search his property. We affirm the court's denial of Boutilier's motions.[1]

## I. CASE HISTORY

[¶ 2] On September 18, 2008, Maine Drug Enforcement Agency Special Agent Milligan applied for a warrant to search Boutilier's property in Albany. In support of the warrant application, Milligan submitted an affidavit, which contained allegations about Boutilier's conduct that were based on Milligan's observations and on information provided to Milligan by a confidential informant and by a Bethel police officer who owns property in Albany. The affidavit stated that the confidential informant had reported that Boutilier (1) grows marijuana around his home and in the woods around Albany and sells it; (2) owns a .22 rifle; (3) had sold marijuana to the informant more than once since Boutilier's 2004 arrest for marijuana trafficking and marijuana cultivation while armed; (4) dries his marijuana in his trailer or inside a shed on his property; and (5) hides his marijuana in vehicles parked in his yard, in his outbuildings, under his trailer, or buried in his yard.

[¶ 3] The affidavit also stated that the Bethel officer had learned from his cousin, who was identified by name, that his cousin had recently seen Boutilier and another man leaving a wooded area on the officer's land, carrying a large marijuana plant. The cousin alleged that when the two men saw him, Boutilier threatened him with harm if he approached Boutilier's plants and that the two men chased him, while he was on his four-wheeler, in Boutilier's dark GMC pickup truck.

[¶ 4] The affidavit also stated that (1) Milligan had confirmed with the Bureau of Motor Vehicles that a dark GMC pickup was registered in Boutilier's name; (2) the Bethel officer had conducted multiple searches of his own property, ultimately finding nearly four hundred marijuana plants, including some with evidence of recent harvesting; (3) while searching his property, the Bethel officer had observed skid marks consistent with his cousin's description of the threatening manner by which Boutilier had operated his truck; and (4) Milligan had flown over Boutilier's property and saw "what appeared to be a

---

1. We decline to address the issue of which standard of review, clear error or de novo, applies to review of the denial of a *Franks* hearing because the court's decision must be affirmed under either standard. *See State v. McInnis*, 2010 ME 13, ¶ 2 n. 1, 988 A.2d 994, 995 (citing *State v. Bilynsky*, 2007 ME 107, ¶ 37, 932 A.2d 1169, 1176).

large pile of green plants" lying on the ground outside the back door of the trailer.

[¶ 5] The District Court (Rumford, *McElwee, J.*) granted Milligan's application and issued a search warrant for Boutilier's property. On September 19, 2008, law enforcement officials executed the warrant. On October 16, 2008, based on evidence found by law enforcement officers who executed the search warrant, Boutilier was indicted by the Oxford County grand jury for unlawful trafficking in scheduled drugs (Class C), 17–A M.R.S. § 1103(1–A)(E), and marijuana cultivation (Class D), 17–A M.R.S. § 1117(1)(B)(3) (2010). Boutilier pleaded not guilty to both counts.

[¶ 6] Boutilier filed a motion for identification of the confidential informant whose information Milligan used in the search warrant application. The Superior Court (*Nivison, J.*) denied the motion in July 2009. Boutilier next filed a motion to suppress the evidence seized pursuant to the search warrant, requesting a *Franks* hearing on the veracity of the information in the affidavit provided by the confidential informant. In a subsequent filing, Boutilier argued that Milligan's statements in his affidavit evinced a reckless disregard for the truth. In January 2010, the court (*Clifford, J.*) denied the motion.

[¶ 7] On May 20, 2010, Boutilier withdrew his not guilty pleas to the charges and entered a conditional plea of nolo contendere to the unlawful trafficking charge, pursuant to M.R.Crim. P. 11(a)(2). The State dismissed the cultivation charge. Following sentencing and entry of judgment, the court (*Clifford, J.*) stayed execution of the sentence pending this appeal.

## II. LEGAL ANALYSIS

A. The Motion for Identification of the Confidential Informant

[¶ 8] The State may decline to disclose the identity of "a person who has furnished information relating to or assisting in an investigation of a possible violation of a law to a law enforcement officer." M.R. Evid. 509(a). An exception applies when the informant "may be able to give testimony relevant to any issue in a civil or criminal case." M.R. Evid. 509(c)(2).

[¶ 9] When a defendant alleges that a warrant is invalid based on facts attributed to confidential informants, the trial judge must decide whether in the court's sound discretion disclosure of an informant's identity is warranted. *State v. Chase (Chase I)*, 439 A.2d 526, 531 (Me. 1982).

[¶ 10] When disclosure of an informant's identity is sought to support a motion for a *Franks* hearing that is based on an allegation of a faulty warrant and a claim that the evidence seized pursuant to the warrant should be suppressed, the defendant is not required to show that the informant is able to contribute information relevant at trial as required pursuant to M.R. Evid. 509(c)(2). *Chase I*, 439 A.2d at 530–31. However, the defendant must make a showing greater than a "bare assertion and supported by more than the mere desire to determine the informant's identity," and the court should deny the motion to disclose unless the defendant raises "[a] legitimate question or doubt . . . as to the *affiant's* credibility." *Id.* at 531 (emphasis added). Accordingly, the information to be provided by the informant whose identity is sought must go to the credibility of the affiant, rather than the credibility of the informant himself. *Id.* at 531.

[¶ 11] When the defendant has "presented no evidence that the informant may have knowledge relevant to the crime charged," disclosure of the informant's identity is not warranted. *State v. Chase*

*(Chase II),* 505 A.2d 791, 793–94 (Me.1986). Moreover, when the informant will not be called at trial because he was not present on execution of the warrant and otherwise "possesses no information relevant to the elements of the crimes charged … [and] is unable to testify to any relevant fact" concerning the charge facing the defendant, disclosure of the informant's identity is inappropriate. *Id.* at 793–94. At the court's discretion, *in camera* proceedings may be used to determine whether disclosure is appropriate. *Chase I,* 439 A.2d at 531.

■ [¶ 12] We review the decision to disclose or withhold an informant's identity for an "abuse of discretion or other error of law." *State v. Faust,* 1997 ME 135, ¶ 6, 696 A.2d 1088, 1090. "In exercising its discretion, the court must balance the State's interest in protecting the flow of information against the defendant's need for information material to a defense." *Id.*

■ [¶ 13] A review of the record reveals that Boutilier has not presented adequate evidence to support his allegation that the confidential informant's statement served to enhance the charges against him or that the informant would have information relevant to the case at trial. Since the State specified that it relied only on the evidence found in the search of Boutilier's property in bringing the charges against him and did not plan to call the informant at trial, Boutilier failed to meet his burden of demonstrating that the informant may possess relevant knowledge that could assist in his defense at trial.

■ [¶ 14] Boutilier also has not met the requirement of *Chase I* that in order to succeed in requiring disclosure of an informant's identity for the purposes of a *Franks* hearing, he must raise a legitimate question or doubt as to the affiant's, not the informant's, credibility. *Chase I,* 439

A.2d at 531. Boutilier's arguments present no more than a mere guess that additional details about the informant might support his defense. Thus, the court did not err in denying Boutilier's motion to disclose the identity of the confidential informant.

B. The Motion for a *Franks* Hearing

■ [¶ 15] A *Franks* hearing is an evidentiary hearing in which a defendant is permitted to challenge the truthfulness of statements made in an affidavit in support of a search warrant. *Franks,* 438 U.S. at 155–56, 98 S.Ct. 2674. In *Franks,* the U.S. Supreme Court held that:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

*Id.; see also State v. Dickinson,* 2005 ME 100, ¶ 8, 881 A.2d 651, 655 (reiterating the *Franks* standard). To mandate a hearing, the attack on the affidavit "must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Franks,* 438 U.S. at 171, 98 S.Ct. 2674. Allegations of falsehoods must be supported by an offer of proof. *Id.* If the allegedly false material in the affidavit is set aside, and sufficient allegations remain to support a finding of probable cause, a hearing is not warranted. *Id.* at 171–72, 98 S.Ct. 2674.

■ [¶ 16] Boutilier argues that the court should have conducted a *Franks* hearing to ascertain whether the affiant, Special Agent Milligan, evinced a reckless disregard for the truth in his "apparent failure to make any kind of inquiry [into]

the veracity, reliability, and motives of third parties in this matter." [2]   Contrary to Boutilier's assertions, the record reflects that Milligan took steps necessary to ascertain the accuracy of the information contained in his affidavit, including, with regard to the confidential informant, a personal interview; a review of the informant's motives; a confirmation of the source of the informant's information; and other indicia of reliability, including corroboration of some of the information the informant provided.   Milligan also took steps to corroborate the information provided by the Bethel police officer by confirming the type of truck driven by Boutilier and conducting a fly-over of Boutilier's home, where he observed a pile of green plants he believed to be marijuana.

[¶ 17]   Boutilier's arguments and the evidence provided "do not constitute a substantial preliminary showing" that Milligan's warrant affidavit "misstated or omitted facts ... in reckless disregard of whether such misstatements or omissions would mislead the warrant judge."   *See Dickinson*, 2005 ME 100, ¶ 17, 881 A.2d at 657 (citations omitted).   Beyond his bald allegation, Boutilier failed to provide any supporting evidence to demonstrate that Milligan acted with reckless disregard of the truth.

■   [¶ 18]   Regarding the second element of the *Franks* standard, whether the "allegedly false statement is necessary to the finding of probable cause," there was sufficient evidence—even without the statements attacked by Boutilier—presented in the affidavit to support a finding of probable cause.   *See Franks*, 438 U.S. at 156, 98 S.Ct. 2674.   The court did not err when it determined that a *Franks* hearing,

based on these circumstances, was not warranted.

The entry is:

Judgment affirmed.

---

**2.**   Boutilier also challenged the other paragraphs of Milligan's affidavit for a variety of alleged failings, none of which are relevant to the *Franks* inquiry.   As such, we do not address those concerns.