MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 224
Docket:        Yor-17-23
Submitted
  On Briefs:   June 14, 2017
Decided:       December 7, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and HUMPHREY, JJ.

MARCEL DUBOIS et al.

v.

DEPARTMENT OF ENVIRONMENTAL PROTECTION et al.[1]

SAUFLEY, C.J.

[¶1]   Marcel Dubois and Sol Fedder appeal from a judgment of the Superior Court (York County, *O'Neil, J.*) affirming, in part, the Department of Environmental Protection's partial denial of their Freedom of Access Act (FOAA) request, pursuant to 1 M.R.S. § 408-A (2014),[2] for public records related to Dubois Livestock, Inc.  The Department had provided a substantial set of records to Dubois and Fedder, but it denied the FOAA request in part, citing the exception from the definition of public records in 1 M.R.S. § 402(3)(B) (2016)

---

[1] Although Michael Clark was named individually as a defendant in the complaint, the complaint itself identified Clark as "an agent and representative" of the Department of Environmental Protection.  The Department is the defendant, and Clark will not be discussed further in this opinion.

[2] Section 408-A of the Freedom of Access Act has since been amended by legislation not affecting this case.  *See, e.g.*, P.L. 2017, ch. 288, § A-1 (effective July 15, 2017) (to be codified at 1 M.R.S. 408-A).

2

for records that would be privileged against discovery or use as evidence in the course of a court proceeding.

[¶2] Dubois and Fedder argue that they were denied due process and that the court erred in its interpretation of the work product privilege, *see* M.R. Civ. P. 26(b)(3), and the informant identity privilege, *see* M.R. Evid. 509(a), in affirming the Department's partial denial of their requests. We reject the due process challenge and affirm the court's judgment as to the records that were withheld based on the work product privilege. Because we cannot determine on this record whether records identifying complainants to the Department were public records, we vacate the court's judgment as to the records that were withheld based on the informant identity privilege and remand to the trial court for further proceedings.

## I. BACKGROUND

[¶3] The facts are drawn from the procedural record and the admitted allegations in Dubois and Fedder's FOAA appeal in the Superior Court. On July 6, 2015, Dubois, Fedder, and others submitted a "very broad" FOAA request to inspect and copy Department records related to a composting facility operated by Dubois Livestock, Inc. In August, the Department produced certain documents in response to the request. Other documents were either redacted

or withheld by the Department. *See* 1 M.R.S. § 408-A(4). The Department provided a "FOAA Exceptions Log" in which it gave its reasoning for withholding or redacting information from each document. As relevant to this appeal, the Department based its refusal to allow Dubois and Fedder to inspect or copy certain records on the work product and informant identity privileges. *See* 1 M.R.S. § 402(3)(B); M.R. Civ. P. 26(b)(3); M.R. Evid. 509(a).

[¶4] On September 24, 2015, Dubois and Fedder appealed to the Superior Court from the Department's partial refusal to permit inspection or copying of records. *See* 1 M.R.S. § 409(1) (2014);[3] M.R. Civ. P. 80B; *see also Colby v. York Cty. Comm'rs*, 442 A.2d 544, 547-48 (Me. 1982). On December 18, 2015, the court held an unrecorded status conference during which, it appears, the parties agreed to a scheduling order, which the Department was asked to draft. On January 21, 2016, the court issued a scheduling order that required the Department to file with the court (1) all the redacted and withheld documents for the court's *in camera* inspection, (2) any revisions to the initial FOAA Exceptions Log, and (3) an affidavit supporting the Department's position on the redaction and withholding of the disputed documents. The order was

---

[3] Section 409(1) of FOAA was amended to alter the procedure on an appeal to the Superior Court by legislation that took effect on October 15, 2015. P.L. 2015, ch. 249, § 2 (codified at 1 M.R.S. § 409(1) (2016)).

4

issued over Dubois and Fedder's due process objection to the solicitation of an affidavit from the Department. After the Department filed the documents, Dubois and Fedder filed a motion to strike the affidavit as hearsay.

[¶5] In its judgment entered on May 18, 2016, the court denied the motion to strike the affidavit, relying on the rules for affidavits presented in support of summary judgment motions, *see* M.R. Civ. P. 56, and affirmed the Department's withholding of documents pursuant to the work product and informant identity privileges. The court also affirmed the Department's refusal to permit the inspection or copying of confidential personnel records, but it ordered the disclosure of certain documents within the scope of the FOAA request that the Department had withheld because the Department deemed them not relevant to the request.

[¶6] Dubois and Fedder filed a timely notice of appeal. *See* 14 M.R.S. § 1851 (2016); M.R. Civ. P 80B(n); M.R. App. P. 2(b)(3) (Tower 2016).[4]

---

[4] The Maine Rules of Appellate Procedure have been restyled effective for appeals commenced on or after September 1, 2017. *See* M.R. App. P. 1 (restyled Rules).

## II. DISCUSSION

### A. Due Process and Trial De Novo

[¶7] Dubois and Fedder first argue that the court's *in camera* consideration of the disputed records and the Department's affidavit denied them due process because they were "denied the opportunity to confront" the information reviewed by the court. We review alleged due process errors de novo. *Friends of Maine's Mountains v. Bd. of Envtl. Prot.*, 2013 ME 25, ¶ 11, 61 A.3d 689.

[¶8] We begin by reviewing the procedure for a FOAA appeal in the Superior Court. FOAA provides that "within a reasonable time of making [a] request" to do so, "a person has the right to inspect and copy any public record." 1 M.R.S. § 408-A. When an agency declines or fails to allow the inspection or copying of a requested record, any person aggrieved by that action may appeal to the Superior Court. 1 M.R.S. § 409(1). If the court determines on the appeal that the agency has failed to demonstrate "just and proper cause" for withholding records, "the court shall enter an order for disclosure." *Id.*; *see Preti Flaherty Beliveau & Pachios LLP v. State Tax Assessor*, 2014 ME 6, ¶ 10, 86 A.3d 30.

6

[¶9]  The court's consideration of the records withheld will generally be accomplished by an *in camera* review of the disputed records.  *See, e.g.*, *Preti*, 2014 ME 6, ¶ 8, 86 A.3d 30.  "*In camera* review is a routine and appropriate means for judicial review of documents where disclosure is sought."  *Boyle v. Div. of Cmty. Servs.*, 592 A.2d 489, 491 (Me. 1991).  Dubois and Fedder argue that the allegedly privileged documents should have been shared with them so that they could formulate arguments in support of the documents' release. Allowing such disclosure before determining whether the documents were privileged would eviscerate the protections provided by the exceptions within FOAA and the law of privilege. *See* 1 M.R.S. § 402(3)(B).  It is simply not possible to maintain an alleged privilege if FOAA plaintiffs are permitted to access the challenged records before a court has acted on the assertion of the privilege.

[¶10]   At the time Dubois and Fedder commenced their appeal in September 2015, FOAA anticipated a "trial de novo" in the Superior Court for the adjudication of any contested facts.  1 M.R.S. § 409(1).  Through a 2015 amendment to the statute, effective on October 15, 2015, the Legislature eliminated the requirement for the court to conduct a trial de novo.  P.L. 2015, ch. 249, § 2 (effective Oct. 15, 2015).  The statute now requires instead that the court conduct a "review, with taking of testimony and other evidence as

determined necessary." 1 M.R.S. § 409(1) (2016). Thus, in FOAA appeals filed after October 15, 2015, the court has the discretion to determine the process necessary for the resolution of disputed facts, giving due consideration to the efficacy, costs, and time required for each method of presentation of evidence.

[¶11]  At the time Dubois and Fedder filed their appeal in the matter before us, however, the statute had not been changed to create the improved evidentiary process.  The Superior Court was the "forum of origin for a determination of both facts and law" and did not "function in an appellate capacity," and each party was entitled to offer relevant evidence.  *Underwood v. City of Presque Isle*, 1998 ME 166, ¶ 22, 715 A.2d 148 (holding that M.R. Civ. P. 80B(d)'s requirement that a party move for a trial of the facts did not apply to a FOAA appeal for which a trial de novo was provided); *see* 1 M.R.S. § 409(1) (2014).

[¶12]  In the matter before us, therefore, the parties were entitled to present evidence regarding any item of factual dispute relevant to whether the records that the Department withheld from its response to the FOAA request were excepted from the definition of public records.  *See* 1 M.R.S. § 409(1) (2014); *Underwood*, 1998 ME 166, ¶ 22, 715 A.2d 148.  The court invited and received evidence from the Department on that issue in the form of an affidavit.

Dubois and Fedder did not, however, have the opportunity to challenge the Department's factual assertions through cross-examination; nor were they invited to present responsive evidence. The question before us is whether Dubois and Fedder have identified any disputed factual issues necessitating a trial for the court to decide whether the withheld documents are public records that must be disclosed.

B.    Privileges and Public Records

[¶13]  Dubois and Fedder challenge the court's determination that the records withheld by the Department would be protected by the work product and informant identity privileges and were therefore not public records. We review legal issues regarding the nature and scope of the privileges de novo, and any underlying factual findings for clear error. *See Harris Mgmt., Inc. v. Coulombe*, 2016 ME 166, ¶ 12, 151 A.3d 7.

[¶14]  FOAA excepts from the definition of "public records" "[r]ecords that would be within the scope of a privilege against discovery or use as evidence recognized by the courts of this State in civil or criminal trials if the records or inspection thereof were sought in the course of a court proceeding." 1 M.R.S. § 402(3)(B).  Such records need not be made available for inspection or copying in response to a FOAA request.  1 M.R.S. § 408-A.

1.      Work Product Privilege

[¶15]   Dubois and Fedder contend that the work product privilege, *see* M.R. Civ. P. 26(b)(3), would not apply to the withheld documents because the documents were not created in anticipation of litigation.

[¶16]   The work product privilege prevents a party from being required to disclose documents "created because of the party's subjective anticipation of future litigation." *Springfield Terminal Ry. Co. v. Dep't of Transp.*, 2000 ME 126, ¶ 16, 754 A.2d 353.  For the privilege to apply, the party's subjective anticipation of litigation "must also be objectively reasonable."   *Id.* (quotation marks omitted).    The anticipation of litigation may be found to be objectively reasonable when the party "faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation."  *Id.* ¶ 19 (quotation marks omitted).

[¶17]   Here, the Department argued that the work product privilege applied to (1) drafts of an administrative search warrant; (2) drafts of a warrant application; and (3) emails concerning the drafting process and a strategy for executing the warrant, if granted.  Dubois and Fedder argue that the described documents cannot be shown to have been prepared in anticipation of litigation. It  is  plain  on  the  face  of  these  documents  that  they  were  prepared  in

anticipation of regulatory enforcement or other compliance-related litigation, however, and Dubois and Fedder present no plausible argument that evidence of any other *facts* would have informed the court on the question. Thus, the court did not err in determining that the work product privilege would apply, and Dubois and Fedder have not shown a deprivation of due process or other legal error.

2. Informant Identity Privilege and Statutory Confidentiality

[¶18] Dubois and Fedder also challenge the court's determination that records containing the identities of people who made complaints to the Department about odors emitted from the Dubois Livestock property are not public records. The Department asserts that the records containing complainants' identities would be "within the scope of a privilege against discovery or use as evidence" if they were sought in a court proceeding, *see* 1 M.R.S. § 402(3)(B), because the complainants were "informants" and therefore the informant identity privilege, *see* M.R. Evid. 509(a), would apply. Dubois and Fedder argue that complainants to the Department are not informants within the meaning of Rule 509(a).

[¶19] In the matter before us, the Department relied solely on the informant identity privilege in asserting that the identities of the complainants

were not public records.  *See* 1 M.R.S. § 402(3)(B).  The privilege at issue here is addressed in Maine Rule of Evidence 509(a), pursuant to which the State "has a privilege to refuse to disclose the identity of an informant. . . . [A]n 'informant' is a person who has furnished information relating to or assisting in an investigation of a possible violation of law to . . . [a] law enforcement officer conducting an investigation . . . ."

[¶20]  In addition, FOAA excepts from the definition of "public records" "[r]ecords that have been designated confidential by statute."  1 M.R.S. § 402(3)(A) (2016).  Pursuant to Maine's Intelligence and Investigative Record Information Act, "a record that is or contains intelligence and investigative record information is confidential and may not be disseminated by a Maine criminal justice agency . . . if there is a reasonable possibility that . . . inspection of the record would . . . [d]isclose the identity of a confidential source."[5] 16 M.R.S. § 804(4) (2016).

[¶21]   The statute defines "intelligence and investigative record information" as "information of record collected by or prepared by or at the

---

[5] Although the Department did not assert statutory confidentiality as constituting "just and proper cause" for withholding records, 1 M.R.S. § 409(1) (2014), we address it here because the statute affirmatively prohibits the disclosure of information protected by the statute, 16 M.R.S. § 804(4) (2016); *see also* 1 M.R.S. § 408-A (2014).

direction of a criminal justice agency . . . while performing the administration of criminal justice." 16 M.R.S. § 803(7) (2016). The "administration of criminal justice" is defined as "activities relating to the anticipation, prevention, detection, monitoring or investigation of known, suspected or possible crimes," 16 M.R.S. § 803(2) (2016), and a "criminal justice agency" is defined as a "government agency or any subunit of a government agency at any governmental level that performs the administration of criminal justice pursuant to a statute or executive order," 16 M.R.S. § 803(4) (2016).

[¶22] Relative to these statutory definitions, the statutes governing the Department of Environmental Protection provide that the intentional, knowing, reckless, or criminally negligent violation of any "law administered by the department, including, without limitation, a violation of the terms or conditions of an order, rule, license, permit, approval or decision of the board or commissioner . . . [is] a *Class E crime*." 38 M.R.S. § 349(1) (2016) (emphasis added). The Department commissioner may, "[w]henever it appears . . . , after investigation, that there is or has been a violation of [Title 38], of rules adopted under [Title 38] or of the terms or conditions of a license, permit or order issued by the board or the commissioner, . . . initiate an enforcement action

by . . . [r]eferring the violation to the Attorney General for civil or *criminal* prosecution." 38 M.R.S. § 347-A(1)(A)(2) (2016) (emphasis added).

[¶23] Given the nature of the records on appeal, however, we cannot determine whether either the informant identity privilege or the statutory provision for the confidentiality of investigative records would shield the records in question. It is not clear from the face of the records that were withheld based on the Department's assertion of the informant identity privilege that the privilege would apply; nor is there evidence in the record that addresses the court's implicit findings that the Department personnel who received the information from the complainants were "law enforcement officer[s]"[6] or that they were "conducting an investigation" within the meaning of M.R. Evid. 509(a)(2)(A).

[¶24] Similarly, because the Department did not assert the applicability of statutory confidentiality for investigative records, the trial court did not

---

[6] The term "law enforcement officer" is not defined by the Maine Rules of Evidence. It is, however, variously defined in multiple statutes. In most of those statutes, a law enforcement officer is defined as a person who, by virtue of public employment, is vested by law with a duty to arrest offenders, prosecute offenders, or maintain public order, or who has the authority to serve criminal process. 5 M.R.S. § 286-M(2)(A) (2016); 17-A M.R.S. § 2(17) (2016); 23 M.R.S. § 1964(5-B) (2016); 24-A M.R.S. § 2174-B(1)(A) (2016); 25 M.R.S. § 2801-A(5) (2016); 28-A M.R.S. § 2(13-A) (2016); 29-A M.R.S. § 101(30) (2016); 35-A M.R.S. § 7507(1)(C) (2016). Statutes relating to animal welfare provide a more expansive definition of the term "law enforcement officer," including within that definition anyone with the duty to "enforce any law of this State establishing a civil violation." 7 M.R.S. § 3907(18) (2016); 17 M.R.S. § 1011(18) (2016).

consider that issue and there is consequently no competent record evidence addressing whether the Intelligence and Investigative Record Information Act applies to protect the identities of the complainants as confidential sources. *See* 16 M.R.S. § 804(4).

[¶25]  Because there were factual disputes regarding several findings necessary to a determination that there was "just and proper cause" for the Department's withholding of records containing the identities of complainants, *see* 1 M.R.S. § 408-A, we must remand to the trial court to receive evidence from the parties relevant to whether the Department was conducting an investigation and whether its agents were acting as law enforcement officers in this particular matter.  After hearing evidence, the court will be able to make factual findings and determine whether the records are excepted from the definition of public records.  *See Underwood*, 1998 ME 166, ¶ 22, 715 A.2d 148.

The entry is:

> Judgment affirmed as to records that were withheld based on work product privilege. Judgment vacated as to records that were withheld based on informant identity privilege. Remanded to the Superior Court to take evidence and make findings on the applicability of exceptions to the definition of "public records" for complainant identities.

Marcel Dubois and Sol Fedder, appellants pro se

Janet T. Mills, Attorney General, Katherine E. Tierney, Asst. Atty. Gen., and Scott W. Boak, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Environmental Protection

York County Superior Court docket number AP-15-28
FOR CLERK REFERENCE ONLY