MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2018 ME 68
Docket:        Yor-17-192
Submitted
 On Briefs:    October 24, 2017
Decided:       May 8, 2018

Panel:         SAUFLEY, C.J., and MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

MARCEL DUBOIS et al.

v.

DEPARTMENT OF AGRICULTURE, CONSERVATION AND FORESTRY et al.

HJELM, J.

[¶1]  Marcel Dubois and Sol Fedder appeal from an order of the Superior Court (York County, *O'Neil, J.*) affirming part of a decision of the Department of Agriculture, Conservation and Forestry (DACF) to deny portions of their request for records pursuant to the Freedom of Access Act (FOAA), *see* 1 M.R.S. §§ 400-414 (2017).  We affirm the order.

## I.  BACKGROUND

[¶2]  The records at issue in this case are a series of drafts of a letter that, in final form, DACF sent in January of 2016 to representatives and entities associated with Dubois Livestock, Inc., a composting facility; and portions of internal emails that identify people who made complaints against Dubois

Livestock.[1]  The following facts are drawn from the court's findings, which are supported by the record, and from assertions contained in DACF's filings that Dubois and Fedder have not disputed.  *See Dubois v. Dep't of Envtl. Prot.*, 2017 ME 224, ¶ 3, 174 A.3d 314.

[¶3]  In May of 2015, DACF began to receive and, in coordination with the Department of Environmental Protection, investigate odor complaints against Dubois Livestock.  In February of 2016, DACF received a FOAA request from Dubois seeking documents related to Dubois Livestock.  In DACF's initial response, it provided documents, including copies of emails, that contained no redactions.  Over the next several months, DACF supplemented its response by providing additional emails, some of which were partially redacted, and by denying the FOAA request altogether as to several other emails and drafts of a letter that Matthew Randall, Agricultural Compliance Supervisor for DACF, sent in January of 2016 to various people associated with Dubois Livestock.  In denying those portions of the FOAA request, DACF asserted that the material

---

[1]  In an opinion certified today in a companion case, *see Dubois v. Office of the Attorney General*, 2018 ME 67, --- A.3d ---, we rejected some of the process-based challenges that Dubois and Fedder make here, and we also determined that drafts of the January 2016 letter are not subject to disclosure pursuant to FOAA.  In this opinion, we address only those contentions advanced in this case by Dubois and Fedder that were not raised in that separate proceeding.

was not subject to disclosure because some of it contained privileged information identifying informants and the rest constituted work product.[2]

[¶4]   In late May of 2016, Dubois and Fedder filed an action in the Superior Court challenging DACF's partial denial of the FOAA request, naming DACF, Randall, and the DACF Commissioner as defendants.  During pretrial proceedings, the court issued a scheduling order directing DACF to submit the contested documents under seal for the court's *in camera* review and to file with the court, with a copy to Dubois and Fedder, an exceptions log itemizing those documents and the reasons the requested material was redacted or withheld.  The order permitted DACF to file with the court, with a copy to Dubois and Fedder, affidavits supporting the partial denial of the FOAA request, and the order also allowed Dubois and Fedder to file a brief and "supporting materials."  Pursuant to the order, DACF filed two affidavits, including one executed by Randall,[3] an exceptions log, and written argument.  Dubois and Fedder's submissions consisted of an objection to Randall's affidavit and an

---

[2] During this period, DACF received a second FOAA request from Dubois Livestock.  The second request was broader than the first but did not result in the production of any documents beyond those produced in response to the first request.

[3] The second affidavit filed by DACF was executed by a DACF office specialist and was limited to describing the oversights leading to the agency's sequential responses to the FOAA request.

4

embedded motion to strike the affidavit, a motion to depose Randall, and a principal brief and a reply brief.

[¶5]  After reviewing the sealed documents *in camera* and holding oral argument, in April of 2017 the court entered an order concluding that DACF properly had redacted and withheld most of the material at issue because it was privileged as work product or confidential informant identification, but ordered DACF to produce other parts of two of the documents.[4]  In the order, the court also summarily denied Dubois and Fedder's motion to strike Randall's affidavit, and it denied their motion seeking leave to depose Randall, explaining that none of the circumstances allowing discovery as set out in M.R. Civ. P. 80B(j)—including good cause—was present and that Dubois and Fedder could have filed affidavits themselves to challenge the facts asserted in Randall's affidavit.

[¶6]  Dubois and Fedder timely filed a notice of appeal.[5]  M.R. App. P. 2(b)(3) (Tower 2016).

---

[4]  DACF has not appealed the latter aspect of the court's order.

[5]  This appeal was filed before September 1, 2017; therefore, the restyled Maine Rules of Appellate Procedure do not apply.  *See* M.R. App. P. 1 (restyled Rules).

## II. DISCUSSION

[¶7] As they did in other recent cases involving the same or similar issues, *see Dubois v. Dep't of Envtl. Prot.*, 2017 ME 224, 174 A.3d 314; *Dubois v. Office of the Attorney General*, 2018 ME 67, --- A.3d ---, Dubois and Fedder challenge the process used by the court, which we address before proceeding to the merits of the appeal.

### A. Due Process

[¶8] Dubois and Fedder argue that the trial court violated their right to due process by denying their request to depose Randall and by relying on his affidavit and that of another DACF employee as the basis for its factual findings. We review due process challenges de novo. *State v. Jones*, 2012 ME 126, ¶ 35, 55 A.3d 432.

[¶9] "Due process is a flexible concept" analyzed on a case-by-case basis. *Bog Lake Co. v. Town of Northfield*, 2008 ME 37, ¶ 10, 942 A.2d 700 (quotation marks omitted). The two essential elements of due process are notice and the opportunity to be heard. *Portland Pipe Line Corp. v. Envtl. Improvement Comm'n*, 307 A.2d 1, 15 (Me. 1973). Although "[t]he right to confront and cross-examine adverse witnesses is constitutionally required in almost every setting where important decisions turn on questions of fact," in some

circumstances the absence of an opportunity for cross-examination is consistent with due process. *In re Me. Clean Fuels, Inc.*, 310 A.2d 736, 746-47 (Me. 1973) (quotation marks omitted).

[¶10]   Pursuant to 1 M.R.S. § 409(1), in a Superior Court proceeding involving a challenge to a denial of a FOAA request, the court is explicitly authorized to "tak[e] . . . testimony and other evidence as determined necessary" to adjudicate whether the denial was proper. *See also Dubois v. Office of the Attorney General*, 2018 ME 67, ¶ 13 & n.6, --- A.3d ---; *Dubois v. Dep't of Envtl. Prot.*, 2017 ME 224, ¶ 10, 174 A.3d 314. This constitutes a change from the previous statutory requirement that the court conduct a "trial de novo" on a FOAA appeal. *See* 1 M.R.S. § 409(1) (2014) (amended by P.L. 2015, ch. 249, § 2 (effective Oct. 15, 2015)); *see also Dubois v. Dep't of Envtl. Prot.*, 2017 ME 224, ¶ 10, 174 A.3d 314.

[¶11]   Here, the court determined that the factual record would consist of several elements: the documents that were withheld or redacted, which the court would review *in camera*; an exceptions log; affidavits submitted by DACF to explain its denial of the FOAA request; and any "supporting materials" that Dubois and Fedder chose to file with their brief, which was due several weeks after DACF was to file its material. In this way, Dubois and Fedder were

provided with both notice of the reasons for DACF's denial of their FOAA request as revealed in the exceptions log and any affidavits, and a full opportunity to submit their own responsive factual data. We also note that most of the information in Randall's affidavit is uncontroverted and relates to events that were within the knowledge of Dubois Livestock, such as its own threat to take legal action in response to the State's investigation and communications between its representative and state agents. And as the court observed, Dubois and Fedder "could have challenged the facts asserted in Randall's affidavit with their own affidavit," but they did not do so.

[¶12] In the circumstances of this case, the court acted well within its discretion by creating a fair process for all of the parties to present information that, although not including an opportunity for cross-examination, would create a meaningful and sufficient record on which the court could adjudicate the FOAA claim. *See Dubois v. Office of the Attorney General*, 2018 ME 67, ¶¶ 12-14, --- A.3d ---; *Dubois v. Dep't of Envtl. Prot.*, 2017 ME 224, ¶ 10, 174 A.3d 314.

[¶13] Similarly, the court did not err by denying Dubois and Fedder's request for leave to depose Randall. Although the court incorrectly cited to

Maine Rule of Civil Procedure 80B(j) as authority for that denial,[6] its order referred to the requirement of "good cause" found in that Rule and stated that Dubois and Fedder had not made such a showing to justify deposing Randall. Particularly in light of the scheduling priority that the Legislature has authorized courts to give FOAA actions, *see* 1 M.R.S. § 409(1) (2017), the limited legal issues raised in this proceeding, and the nature of the information contained in Randall's affidavit that was mostly within Dubois Livestock's own knowledge, Dubois and Fedder did not demonstrate either that there was justification to depose Randall or that the absence of such an opportunity interfered with the process to which they were due.

B.     Informant Identity Privilege

[¶14]  We now turn to the merits of Dubois and Fedder's argument that the court erred by declining to order production of records that DACF claimed

---

[6]  As is noted in our opinion in the companion case, *see supra* n.1, a FOAA proceeding in court, although described in the statute as an "appeal," *see* 1 M.R.S. § 409 (2017), is actually a de novo action and therefore is not governed by a procedural rule applicable to appeals.  *See Dubois v. Office of the Attorney General*, 2018 ME 67, ¶ 7 n.3, --- A.3d ---.

were within the confidential informant identity privilege and therefore not subject to disclosure.

[¶15] "In reviewing whether a government entity complied with the FOAA, we review factual findings for clear error but review the trial court's interpretation of the FOAA de novo." *Hughes Bros., Inc. v. Town of Eddington*, 2016 ME 13, ¶ 21, 130 A.3d 978 (citations omitted). "The burden of proof is on the agency or political subdivision from which the information is sought to establish just and proper cause for the denial of a FOAA request." *MaineToday Media, Inc. v. State*, 2013 ME 100, ¶ 9, 82 A.3d 104 (alteration omitted) (quotation marks omitted); *see* 1 M.R.S. § 409(1).

[¶16] The emails within the FOAA request fall within the general scope of material that could be subject to disclosure. *See* 1 M.R.S. § 402(3) (defining "public records," which may be subject to disclosure pursuant to 1 M.R.S. § 408-A(1), as including any matter in tangible or electronic form that is in the possession or custody of a state agency or public official and that was received or prepared for use in connection with government business). The universe of these "public records" that are otherwise subject to FOAA disclosure, however, is subject to exceptions. *Id*. § 402(3). One of those exceptions applies to "[r]ecords that would be within the scope of a privilege against discovery or use

as evidence recognized by the courts of this State in civil or criminal trials if the records or inspection thereof were sought in the course of a court proceeding." *Id.* § 402(3)(B). We liberally construe and apply FOAA but strictly construe statutory exceptions to FOAA "to promote [FOAA's] underlying policies and purposes." *Doyle v. Town of Falmouth*, 2014 ME 151, ¶ 10, 106 A.3d 1145; *see Preti Flaherty Beliveau & Pachios LLP v. State Tax Assessor*, 2014 ME 6, ¶ 10, 86 A.3d 30.

[¶17] Here, the court concluded that, pursuant to the informant identity privilege, *see* M.R. Evid. 509, DACF had just and proper cause to redact the names of people who had made complaints about Dubois Livestock's operations.[7] We review "the decision to disclose or withhold an informant's identity for an abuse of discretion or other error of law." *State v. Boutilier*, 2011 ME 17, ¶ 12, 12 A.3d 44 (quotation marks omitted).

---

[7] Another exception is found in 1 M.R.S. § 402(3)(A) (2017), which protects from FOAA disclosure "[r]ecords that have been designated confidential by statute." One such statute is 7 M.R.S. § 20 (2017), which designates as confidential information received by DACF when the person providing it so requests and DACF "has determined that failure to designate the information as confidential . . . would result in loss or other significant detriment to that person." DACF has not argued that the identity of the informants is privileged pursuant to this combination of statutes, and so we do not address the issue.

[¶18]  Pursuant to Maine Rule of Evidence 509(a)(1), a state agency "has a privilege to refuse to disclose the identity of an informant."[8]  *See Dubois v. Dep't of Envtl. Prot.*, 2017 ME 224, ¶ 19, 174 A.3d 314.  This rule "reflects a recognition that effective use of informers in law enforcement compels protection of their anonymity."  M.R. Evid. 509 Advisers' Note to former M.R. Evid. 509 (Feb. 2, 1976).  An "informant" includes a "person who has furnished information relating to or assisting in an investigation of a possible violation of law to . . . [a] law enforcement officer conducting an investigation."  M.R. Evid. 509(a)(2)(A).

---

[8]  In pertinent part, Rule 509 provides:

**(a)    Rule of privilege and definitions.**

    **(1)**    *Rule of privilege*. The United States, a state or subdivision thereof, or any foreign country has a privilege to refuse to disclose the identity of an informant.

    **(2)**    *Definitions*. As used in this rule, an "informant" is a person who has furnished information relating to or assisting in an investigation of a possible violation of law to:

        **(A)**    A law enforcement officer conducting an investigation; or

        **(B)**    A member of a legislative committee or its staff conducting an investigation.

**(b)    Who may claim the privilege.** An authorized representative of the public entity that received the information may claim the privilege.

M.R. Evid. 509(a), (b).

[¶19]  Although our discussion of Rule 509 to date has mostly been in cases where informants have furnished information about criminal rather than civil violations of the law, *see, e.g.*, *Boutilier*, 2011 ME 17, 12 A.3d 44; *State v. Faust*, 1997 ME 135, 696 A.2d 1088; *State v. Devlin*, 618 A.2d 203 (Me. 1992); *but see Dubois v. Dep't of Envtl. Prot.*, 2017 ME 224, ¶¶ 18-19, 174 A.3d 314, the express terms of Rule 509 make plain that its provisions apply to civil cases. *See* M.R. Evid. 509(d).  Also, the principles underlying the Rule 509 privilege apply to state investigations and actions relating to civil violations of Maine law, just as much as in criminal cases.  Further, although Rule 509 does not define "law enforcement officer," *see Dubois v. Dep't of Envtl. Prot.*, 2017 ME 224, ¶ 23 n.6, 174 A.3d 314, the Animal Welfare Act, which is enforced by DACF, *see* 7 M.R.S. §§ 1, 3902 (2017), broadly defines a "law enforcement officer" as a public employee who has a legal duty to "enforce any law of this State establishing a civil violation," 7 M.R.S. § 3907(18) (2017), which includes Randall and other DACF officials who were involved in DACF's investigation into Dubois Livestock.

[¶20]  The complainants provided DACF with information about odors emanating from the Dubois Livestock farm.  Pursuant to their job responsibilities, Randall and others within DACF conducted an investigation

into these complaints with an objective to enforce DACF regulations. *See* 1 C.M.R. 01 001 010-1 § 2(1) (2007). The court therefore did not abuse its discretion or err by concluding that, in the circumstances present here, the informant identity privilege applied to communications received by DACF.

[¶21] Beyond that, Dubois and Fedder point to DACF regulations requiring that, when the agency receives a complaint about a farm or farm operation, an agricultural compliance officer is required, "[a]s soon as practicable," to notify the respondent about the complaint, including the name of the complainant. 1 C.M.R. 01 001 010-2 §§ 3(2), 3(3) (2007). From this, Dubois and Fedder argue that the names of the informants cannot be treated as confidential for FOAA purposes. Rule 509, however, does not create an exception to the informant identity privilege for informants who are subject to disclosure under some provision of law. Instead, the Rule makes the privilege inapposite with respect to informants whose identities have *already* been disclosed, M.R. Evid. 509(c)(1), and the definition of "public records" found in FOAA does not operate to narrow Rule 509 beyond its own terms, *see* 1 M.R.S. § 402(3). Therefore, whatever rights and remedies Dubois and Fedder might have in some other proceeding or claim challenging DACF's compliance with the regulation at issue, Dubois and Fedder brought this appeal asserting only

those rights created in FOAA, and without raising any independent claims for relief. *Cf. Pinkham v. Dep't of Transp.*, 2016 ME 74, ¶ 11, 139 A.3d 904. Whatever the effect of the regulations may be, they are not part of the FOAA analysis in this proceeding.[9]

[¶22]  In sum, because the records containing names of the informants are not "public records" as defined in FOAA, the court did not err by concluding the DACF had just and proper cause to deny the FOAA request for that information.

The entry is:

Judgment affirmed.

---

[9] Even if Dubois and Fedder are correct in their assertion that the regulations applicable to investigations conducted by DACF required present disclosure of the identities of the complainants, *see* 1 C.M.R. 01 001 010-2 §§ 3(2)-3(4) (2007)—an assertion that would require, among other determinations, a finding that the requirement of a disclosure "[a]s soon as practicable" does not allow consideration of factors such as the effect that disclosure would have on an ongoing investigation—the regulation would then be in conflict with FOAA, because the records containing that information remain privileged pursuant to Rule 509 and are not "public record[s]" within the meaning of 1 M.R.S. § 402(3) and therefore not subject to FOAA production. When an agency rule or regulation conflicts with a statute, the statute controls. *See Baker v. S.D. Warren Co.*, 2010 ME 87, ¶ 15, 3 A.3d 380 ("We have struck down [Workers' Compensation] Board rules when they directly conflict with express statutory language."); *Larson v. New England Tel. & Tel. Co.*, 141 Me. 326, 334, 44 A.2d 1, 5 (1945) ("Any regulation that conflicts with any existing statute must yield thereto."). Therefore, even as Dubois and Fedder appear to construe the regulation, it would not have required DACF to produce the material containing the privileged information pursuant to FOAA.

Marcel Dubois and Sol Fedder, appellants pro se

Janet T. Mills, Attorney General, and Mark A. Randlett, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellees Department of Agriculture, Conservation and Forestry et al.

York County Superior Court docket number AP-2016-22
FOR CLERK REFERENCE ONLY