STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, SS.                           Civil Action
                                        Docket No. CV-2023-117


NO LABELS, INC.,                )
                  Plaintiff,    )
                                )
                                )
                                )
           v.                   )              **JUDGMENT**
                                )
                                )
SHENNA BELLOWS, in her          )
capacity as Secretary of State  )
of the State of Maine,          )
                  Defendant.    )


This case arises out of a partial denial of access to records in the custody of the Defendant, Secretary of State Shenna Bellows. The records at issue have been submitted for *in camera* review by this court and fall into two categories: four draft employee performance evaluations and a short email thread retrieved from the Secretary of State's personal email account.

The pleadings describe how this case arises out of the efforts of the Plaintiff to qualify as a political party in the State of Maine and the Plaintiff's concerns about the Secretary of State's actions in regards to that effort. The court is also cognizant that there may be additional proceedings between the parties where records obtained under the Freedom of Access Act could be material. As a result, the court has worked with counsel to expedite briefing in this matter and will keep this order brief in order to provide the parties a timely resolution of their dispute[1].

The issue before this court is whether the Secretary of State has been able to demonstrate "just and proper cause" for withholding the records at issue in this case.

---

[1] The length of this order should not be taken in any way as a suggestion of a lack of importance of this matter or a lack of substance in the arguments advanced by either party.

*Dubois v. Dep't of Env't Prot.*, 2017 ME 224, ¶ 8, 174 A.3d 314. A "just and proper cause" could include that the documents in question are not public records, as defined by statute. In this case, the Secretary of State has submitted the records in dispute for *in camera* review by the court.

The first category of documents is described by the Secretary of State as a cover email attaching four human resources documents. The Secretary of State argues that two of the documents are draft 3-month Probation Reports pertaining to two employees and the other two documents are draft Performance Management Forms pertaining to the same two employees.

After *in camera* review of these documents, it is the court's finding of fact that the documents in question are exactly what the Secretary of State claims them to be and that the Secretary of State's description of the documents is fair and accurate. In addition, only one of the documents makes reference to the Plaintiff. That reference suggests that the employee's duties included work related to the Plaintiff's efforts to qualify as a political party. The reference is brief and offers no commentary on the merits of the Plaintiff's effort.

Performance evaluations are included on a list of personnel records that shall not be "public records," under Maine law. 5 M.R.S.A. §7070. Therefore, because the records are not "public records," the Secretary of State has established a "just and proper cause" for not providing the records.

The second set of documents is a thread of four emails found in the Secretary of State's personal e-mail account. The Secretary of State describes the documents as emails between a staff person from a political organization affiliated with the Democratic Party and the Secretary of State.

After *in camera* review of these documents, it is the court's finding of fact that the documents in question are exactly what the Secretary of State claims them to be and that the Secretary of State's description of the documents is fair and accurate. In addition, only one of the documents makes reference to the Plaintiff. That reference is brief and innocuous. Nowhere in the documents provided for *in camera* review does anyone advocate that the Secretary of State take any action and nothing is said, positively or negatively, about the Plaintiff.

The substance of the communications at issue is an update on the organization's finances and activities and an invitation to future Zoom calls. The first communication in the thread is from the organization and is one of general circulation, not a communication targeted to the Secretary of State alone. The direct communications involving the Secretary of State are a non-substantive scheduling question and a response. There is no reference to the Secretary of State's work and the reference to the Plaintiff is brief and fleeting.

For a record to constitute a public record it must have "been received or prepared for use in connection with the transaction of public or governmental business or contains information relating to the transaction of public or governmental business." 1 M.R.S. §402(3). In this case, the record in question does not meet this criteria. Therefore, because the records are not "public records," the Secretary of State has established a "just and proper cause" for not providing the records.

The court's determination on this second category of records is based on an application of the statutory definition to the records provided for *in camera* review. In the court's view, the records do not meet the statutory definition of public records, therefore no further analysis is required. However, the court shares the larger policy and constitutional concerns raised by the Secretary of State.

3

Without question, the Maine Secretary of State is selected through a political process and everyone who has held the position, including the Defendant, is or was a political figure. In enacting the Freedom of Access Act, the Legislature could not have intended that any communications to or from a public official about political activities would become public documents. The analysis turns on the content of the records and whether they are related to the public official's public or governmental business.

On both category of records, the Plaintiff argues that the records could be provided without any harm through proper redaction and cites to cases in which the Law Court writes approvingly about the use of redaction in providing documents in response to Freedom of Access Act requests. However, the Plaintiff's reliance on the cited cases is misguided. The cases cited stand for the proposition that confidential information contained in public records may be redacted and the redacted public documents may then be properly disclosed. The cases do not support the claim that records that do not fall within the definition of public records must be redacted and disclosed.

This court takes seriously its role in ensuring that public entities properly meet their obligations under the Freedom of Access Act. The court also respects that, due to the ongoing dispute between the parties, the Plaintiff is skeptical of the Defendant's motives and possible biases. However, the determination that the records at issue in this case are not public records is not a close call. The fact that these records were found and identified to the Plaintiff by the Secretary of State suggests that she takes her obligations under the Freedom of Access Act seriously and acted in good faith in responding to the records request.

For these reasons, Judgment is entered for the Secretary of State on the Plaintiff's Complaint.

Dated: December 19, 2023

_____
JUSTICE, MAINE SUPERIOR COURT

Entered on the Docket: 12/21/2023

5